IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**1: CV 01-0878**

PETITION FOR WRIT OF HABEAS CORPUS
(28 U.S.C. §2254 - PERSONS IN STATE CUSTODY)

Edward Coss                                    , PETITIONER
(Full name) (Include name under which you were convicted)

       vs.    CASE NO. _____
            (Supplied by the Court)

James P. Morgan                                , RESPONDENT
(Name of Warden, Superintendent, Jailor, or authorized
person having custody of petitioner)

**FILED
SCRANTON**

and

**MAY 1 7 2001**

THE DISTRICT ATTORNEY OF THE COUNTY OF Lackawanna County

PER _____
DEPUTY CLERK

and

THE ATTORNEY GENERAL OF THE STATE OF Pennsylvania
              ADDITIONAL RESPONDENT

Edward Coss, CB 5970       CB 5970
Name             Prison Number

SCI Smithfield

Place of Confinement

  (If petitioner is attacking a state court judgment which imposed a sentence to be served in the <u>future</u>, petitioner must fill in the name of the state where the judgment was entered. If petitioner has a sentence to be served in the <u>future</u> under a federal judgment which he wishes to attack, he should file a motion under 28 U.S.C. §2255, in the federal court which entered the judgment. DO NOT USE THIS FORM FOR §2255 PURPOSES.)

PETITION FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

INSTRUCTIONS - READ CAREFULLY

  (1) This petition must be legibly handwritten or typewritten and signed by the petitioner. Any false statement of a material

US DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA
P.O. BOX 1148
SCRANTON, PENNSYLVANIA 18501-1148

PETITION
---

1. Name and location of court which entered the judgment under attack: Court of Common Pleas of Lackawanna County, Pennsylvania, 45th Judicial District

2. Criminal Docket Number: 1986 CR-645

3. Date of imposition of sentence: January 30, 1987

4. Length of sentence: 6m to 1y -- 6m 1y CS -- 1y to 2y total

5. Nature of offense or offenses for which you were convicted: Simple Assault and Institutional Vandalism

6. What was your plea? (Check one) Not Guilty (X) Guilty ( ) Nolo Contendere ( )

   If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details: _____

7. If you were found guilty after a plea of not guilty, check whether finding was made by: Jury (X) Judge only ( )

8. Did you testify at the trial? Yes (X) No .

9. Did you appeal from the judgment of conviction? Yes ( ) No (X)

10. If you did appeal, answer the following:

    (a) First Appeal
        (1) Name of Court: _____
        (2) Docket Number: _____
        (3) Result: _____
        (4) Citation (If known): _____

    (b) Second Appeal
        (1) Name of Court: _____
        (2) Docket Number: _____
        (3) Result: _____

- 5 -

            (4)   Citation (If known): _____
       (c)  If you filed a petition for certiorari in the United
            States Supreme Court, give details: _____
            _____

11.  Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any court, state or federal, including petitions under the Post Conviction Hearing Act?  Yes (X)  No ( )

12.  If your answer is "Yes" to 11, give the following information:
       (1)  Name of court: Court of Common Pleas of Lackawanna County
       (2)  Nature of proceeding: State PCRA
       (3)  Grounds raised: See Attached Information pp. "i"
            _____

       (4)  Did you receive an evidentiary hearing on your petition, application or motion?  Yes ( )  No (X)
       (5)  Result: Pending for 14y                    Date: _____
   (b)  As to any second petition, application or motion give the same information:
       (1)  Name of Court: _____
       (2)  Nature of Proceeding: _____
       (3)  Grounds raised: _____
            _____

       (4)  Did you receive an evidentiary hearing on your petition, application or motion? Yes ( )  No ( )
       (5)  Result: _____  Date: _____
   (c)  As to any third petition, application or motion give the same information:
       (1)  Name of Court: _____
       (2)  Nature of Proceeding: _____
       (3)  Grounds raised: _____

- 6 -

(4) Did you receive an evidentiary hearing on your petition, application or motion? Yes ( ) No ( )

(5) Result: _____ Date: _____

(d) Did you appeal to the highest state court having jurisdiction the result of any action on any petition, application or motion:

(1) First petition, etc.:    Yes ( )  No (X)
(2) Second petition, etc.:   Yes ( )  No ( )
(3) Third petition, etc.:    Yes ( )  No ( )

(e) If you did <u>not</u> appeal from the adverse action on any petition, application or motion, explain briefly why you did not? <u>Court has failed to adjudicate the petition in 14y.</u>

13. State <u>concisely</u> every ground on which you claim that you are being held unlawfully. State <u>specifically</u> the <u>facts</u> supporting each ground. <u>You should raise in this petition all available grounds</u> (relating to this conviction) on which you are being held in custody unlawfully, <u>and you should state all the facts sufficient to support each ground</u>. DO SO NOW; because of recent changes in the law you may not be given an opportunity to amend your petition later (See instructions, number 7.).

Grounds: <u>See Attached Information pp. "i"</u>

14. If any of the grounds listed were not previously presented in any other court, state or federal, state <u>briefly</u> what grounds were not so presented, and give your reasons for not presenting them: <u>See Attached Information pp. "i"</u>

- 7 -

ANSWER TO QUESTION 12(3):

PETITIONER WAS DENIED HIS RIGHTS TO COUNSEL AND EFFECTIVE REPRESENTATION WHICH RESULTED IN HIS CONVICTION BEFORE, DURING, AND AFTER TRIAL.

ANSWER TO QUESTION 13:

1. The Petitioner raises the following allegations in which he believes he is entitled to relief in this court (allegations of error are framed in a neutral format as averments of fact instead of argumentive allegations).

2. Petitioner's State PCRA has been pending for fourteen (14) years with no adjudication on the Petition.

3. The Petitioner is no longer serving a sentence to the sentence which is under attack, but, nevertheless is entitled to relief in this court as he has no available state remedies to exhaust. See Com. v. Alhborn, 699 A.2d 718 (Pa.1997). The exhaustion requirement in this case would be futile and this court could excuse exhaustion for this purpose. See Mayberry v. Peasock, 821 F.2d 179, 184 (3Cir), cert. denied, 484 US 946 (1987).

4. In order that Petitioner can obtain relief in this court on a prior expired conviction is if he proves and pleads a Gideon violation of counsel (Gideon v. Wainright, 32 US 335 (1963)) and an adverse consequence had stemmed therefrom (Carafas v. LaVallee, 391 US 234, 237-39 (1968)).

VIOLATION OF PETITIONERS RIGHT TO COUNSEL UNDER GIDEON

(a) Petitioner was denied his right to counsel for being convicted as an adult offender without first being certified as an adult in a juvenile court and/or Petitioner didn't receive a preliminary hearing;

(b) Petitioner was denied his right to counsel for failing to file a requested (FIRST) direct appeal "as of right," which is the functional equivalent of having no representation at all, See Evitts v. Lucey, 469 US 387 (1985);

(c) Petitioner was denied his right to counsel on his PCRA filed, and, because counsel failed to amend the petition, in which in fact is considered an uncounselled petition, See Com. v. Fiero, 341 A.2d 448 (Pa.1975);

(d) Petitioner was denied his right to counsel for failing to subpeona several witnesses to trial to testify on his behalf, See Coss v. Lackawanna County District Atty, 204 F.3d 453 (3Cir2000).

ADVERSE CONSEQUENCE

(e) This expired prior conviction was used in determining the risk and/or threat the Petitioner is of, and, at his Parole Hearing for his current confinement, to be considered for release.

FEDERAL REVIEW OF CONVICTION ATTACKED AND/OR ANY PROCEDURAL BAR

-i-

(f) Petitioner's claim of his denial of counsel hereinabove cannot be barred, especially claim "b", see Romero v. Tansy 46 F.3d 1024 (10Cir), cert. denied, 515 US 1148, 115 S.Ct. 2591, 132 L.Ed.2d. 839 (1995). The Petitioner has not been heard in any state appellate process regarding his claims that his conviction was obtained in violation of his rights to counsel and/or effective counsel. The state corrective process is so deficient as to render any effort to obtain relief on this conviction is futile. Mayberry, Supra. Petitioner's State PCRA is still pending, and, has been pending for fourteen (14) years and no adjudication has been made which is an inordinate delay this court could remedy by assuming jurisdiction over this case. See Wojtczak v. Fulcomer, 800 F.2d 353, 354 (3Cir1986).

### JURISDICTIONAL DEFECTS/LACK OF SUBJECT MATTER JURISDICTION

(g) The District Attorney of Lackawanna County had no right to prosecute this case under the lack of subject matter jurisdiction over Petitioner, as the Petitioner was never certified as an adult, but, bound over to an adult court. The Petitioner further received no preliminary hearing as an adult. The lack of jurisdiction could be challenged at any time.

WHEREFORE, and based upon the within, the Petitioner requests that this Court grant him an evidentiary hearing on the issues complained of, and to further reward him a new trial and/or dismiss his case. The Petitioner, further requests that he be allowed to reserve his rights to amend this Petition. Also grant any other relief this Court may deem appropriate.

Petitioner, further sayeth naught.

15. Do you have any petition or appeal now pending in any court, either state or federal, as to the judgment under attack? Yes (X) No ( )

16. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

    (a) At preliminary hearing: Rose Ann McGowan, Esquire

    (b) At arraignment and plea: Same

    (c) At trial: Same

    (d) At sentencing: Same

    (e) On appeal: N/A

    (f) In any post-conviction proceeding: N/A

    (g) On appeal from any adverse ruling in a post-conviction proceeding: See Question 12(5) herein. No counsel was ever afforded to the Petitioner during the litigation of his PCRA.

17. Were you sentenced on more than one count of any indictment, or more than one indictment, in the same court and at the same time: Yes (X) No ( )

18. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack? Yes ( ) No (X)

    (a) If so, give name and location of court which imposed sentence to be served in the future: 

    (b) And give date and length of sentence to be served in the future: 

    (c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future? Yes ( ) No ( )

- 8 -

Wherefore, petition prays that the court grant petitioner relief to which he may be entitled in this proceeding.

Executed at: <u>Huntingdon, Huntingdon County, Pennsylvania</u>
(City, County, State)

I, <u>Edward Coss</u> declare under penalty of perjury that the foregoing is true and correct.

Executed on: <u>5/8/01</u>
(Date)

<u>*Edward Coss*</u>
(Signature of Petitioner)

(NOTE: No Notary Certification Required)

- 9 -