IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EDWARD R. COSS, JR., | : | CIVIL ACTION NO. 1:CV-01-0878 |
| Petitioner | : | (Judge Caldwell) |
| v. | : | (Magistrate Judge Blewitt) |
| JAMES P. MORGAN, et al., | : | |
| Respondents | : | |

**FILED
SCRANTON
JUL 2 6 2004
PER _____
DEPUTY CLERK**

**ORDER**

On July 15, 2004, the District Court issued an Order, upon Petitioner's request, reopening Petitioner's Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254, which was originally filed on May 17, 2001, and was subsequently administratively closed without prejudice pending the conclusion of state court proceedings. (Doc. 16). The District Court also remanded the case to the undersigned for further proceedings, including consideration of Petitioner's request to amend his Habeas Petition.

Fed.R.Civ.P. 15 applies to a motion to amend a habeas corpus petition. *See Riley v. Taylor*, 62 F.3d 86, 89 (3d Cir. 1995). It is within the Court's discretion to grant a motion to amend. *Id.* Under Rule 15(a), a party may amend his pleading once as a matter of course before a responsive pleading is filed. In the present case, the Respondents have not yet filed their response to the Petitioner's Habeas Petition. Thus, Petitioner will be allowed to amend his Petition.

However, we will only allow Petitioner to amend his Petition to clarify a claim he made in his original Petition. Petitioner will not be permitted to add any new claims in his Amended Petition or to add any supporting facts which would amount to a new claim or claims. Any new

claims in the Amended Petition would not be timely under the AEDPA's statute of limitation and would not relate back to the date of the original claims under Fed.R.Civ.P 15(c). See *U.S. v. Duffus*, 174 F.3d 333, 337 (3d Cir. 1999).[1]

Therefore, we shall allow Petitioner to file an Amended Petition, but he will not be allowed to include any amendment in his Amended Petition which raises a new theory of relief or a new claim. *Id.*; *U.S. v. Thomas*, 221 F.3d 430, 436 (3d Cir. 2000).

**AND NOW, this 26th day of July, 2004, IT IS HEREBY ORDERED THAT:**

1. Petitioner's request to amend his Habeas Corpus Petition (part of Doc. 15) is **GRANTED.**

2. Petitioner is not permitted to raise a new claim or a new theory of relief in his Amended Petition which was not contained in his original Petition.

---

[1] If any amended claim does not arise out of the same set of facts as an original claim contained in the first petition, it cannot relate back, and the claim will be deemed time barred. *Duffus*, 174 F.3d at 337.

The statute of limitations for a section 2254 habeas corpus petition is one year. The law provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of time for seeking such review . . .
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d); See *Miller v. Dragovich*, 311 F.3d 574 (3d Cir. 2002).

3. Petitioner shall file his Amended Petition, within the constraints of Paragraph 2, within **twenty (20) days** of the date of this Order.

*/s/ Thomas M. Blewitt*
**THOMAS M. BLEWITT**
**United States Magistrate Judge**

Dated: July 26, 2004