IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EDWARD R. COSS, JR., | CIVIL ACTION NO. **1:CV-01-0878** |
| Petitioner | (Judge Caldwell) |
| v. | (Magistrate Judge Blewitt) |
| JAMES MORGAN, Superintendent, et al., | |
| Respondents | |

**FILED
SCRANTON
AUG 1 3 2004
PER _____
DEPUTY CLERK**

## ORDER

In this habeas corpus action, the Petitioner has made a motion for appointment of counsel. **(Doc. 19)**. Appointment of counsel is discretionary with the court, <u>see</u>, 18 U.S.C. § 3006A(g), and counsel must be appointed for an indigent federal habeas corpus petitioner only when the interests of justice or due process so require. *Schultz v. Wainwright*, 701 F.2d 900 (11th Cir. 1983). No such conditions exist in the present case.

The court in *Wheeler v. Vaughn*, 2004 WL 73728 *4, n. 3. (E.D. Pa.) stated as follows:

Any person seeking relief under § 2254 may be granted counsel if "the court determines that the interests of justice so require and such person is financially unable to obtain representation." 18 U.S.C. §§ 3006A(g). "Factors influencing a court's decision include the complexity of the factual and legal issues in the case, as well as the pro se petitioner's ability to investigate facts and present claims." *Reese v. Fulcomer*, 946 F.2d 247, 264 (3d Cir.1991); cf. *Tabron v. Grace*, 6 F.3d 147, 155-56 (3d Cir.1993) (holding that district courts should consider the following factors in determining whether to appoint counsel pursuant to 28 U.S.C. §§1915(e)(1):

(1) the plaintiff's ability to present his or her own case, (2) the complexity of the legal issues, (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation, (4) the amount a case is likely to turn on credibility determinations, (5) whether the case will require the testimony of expert witnesses, and (6) whether the plaintiff can attain and afford counsel on his own behalf).

In this case, Petitioner Coss has demonstrated "a good understanding of the issues and the ability to present forcefully and coherently his contentions." *Reese*, 946 F.2d at 264 (quoting *La Mere v. Risley*, 827 F.2d 622, 626 (9th Cir.1987)). He cites to relevant statutory and constitutional law. He has filed motions on his own behalf in this case and in his other habeas case, Civil Action No. 04-1250, M.D. Pa. Furthermore, the legal and factual issues raised in the Petition are not difficult and overly complex. Moreover, Petitioner has not shown that this case will require in-depth factual investigations. Not do we find that this habeas proceeding will require the testimony of expert witnesses.

Therefore, we find that the interests of justice do not require the appointment of counsel in this case.[1]

---

[1] In a footnote to his present Motion, Petitioner requests that, if counsel is not appointed for him, he be granted leave to file an amended habeas petition and support brief. We have previously entered an Order in this case granting Petitioner's request to file an amended petition. He can certainly file a support brief along with his amended petition.

2

**NOW, THEREFORE, IT IS ORDERED THAT** Petitioner's motion for appointment of counsel (Doc. 19) is **DENIED**. In the event the circumstances of this case should change, the Court will consider a new application for counsel at such time.

_____
THOMAS M. BLEWITT
United States Magistrate Judge

Dated: **August 13, 2004**