**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

EDWARD R. COSS, JR.,                  :        CIVIL ACTION NO. **1:CV-01-0878**
                                       :
              Petitioner               :        (Judge Caldwell)
                                       :
        v.                             :        (Magistrate Judge Blewitt)
                                       :
JAMES MORGAN, Superintendent,          :
et al.,                                :
                                       :
              Respondents              :

### REPORT AND RECOMMENDATION

Petitioner filed the instant Habeas Corpus Petition on May 17, 2001, pursuant to 28 U.S.C.

§ 2254. (Doc. 1). Subsequently, the Court administratively closed this case without prejudice

pursuant to Petitioner's request so that he could pursue his state court proceedings. (Doc.11).

On July 1, 2004, the Petitioner requested that the Court re-open his case, and the Court

entered an Order on July 15, 2004, granting this request. (Docs. 15 and 16).

On August 11, 2004, Petitioner filed a Motion to Stay the proceedings in this case. **(Doc.**

**20).** Petitioner indicates that, before he received the Court's Order re-opening his case, he filed a

request with the United States Court of Appeals for the Third Circuit for authorization to file a

second petition. *See* 28 U.S.C. § 2244(b)(3)(A). Thus, Petitioner seeks that the present case be

stayed while his request with the Third Circuit to file a second petition is pending.[1]

We find no reason to stay the present case. The instant Petition is not a second or

successive petition which requires authorization from the Third Circuit for this Court to consider

---

[1]Since we deem Petitioner's Motion to Stay as a form of injunctive relief, we are issuing a
Report and Recommendation instead of an Order. *See* 28 U.S.C. § 636(b)(1)(A).

it.  Rather, the instant Petition was simply re-opened after it was administratively closed, and there

has been no adjudication of it on the merits.[2]  Even if the Petitioner is seeking to file a second

habeas petition in addition to the present one, there is no basis to stay this case.[3]

       Therefore, we recommend that the Petitioner's Motion to Stay this case be denied.


               **s/ Thomas M. Blewitt**
               **THOMAS M. BLEWITT**
               **United States Magistrate Judge**

**Dated: August 16, 2004**

---

[2]We note that, on July 26, 2004, we issued an Order permitting Petitioner to file an amended habeas petition in this case by August 15, 2004. (Doc. 18).  To date, it has not yet been filed.


[3]The Petitioner filed a second habeas petition on June 8, 2004, in this Court, Civil Action No. 04-1250, M.D. Pa.  However, Petitioner moved to withdraw his second petition, and the Court dismissed this petition without prejudice on August 11, 2004.  Thus, if Petitioner's instant Motion is to stay his case No. 01-0878 until he obtains permission from the Third Circuit to file his second petition, which was dismissed in case number 04-1250, we fail to see why the present case (01-0878) should be stayed or how one petition is contingent upon the other.

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| EDWARD R. COSS, JR., | : | CIVIL ACTION NO. **1:CV-01-0878** |
| | : | |
| Petitioner | : | (Judge Caldwell) |
| | : | |
| v. | : | (Magistrate Judge Blewitt) |
| | : | |
| JAMES MORGAN, Superintendent, | : | |
| et al., | : | |
| | : | |
| Respondents | : | |

## <u>NOTICE</u>

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing

Report and Recommendation dated **August 16, 2004.**

Any party may obtain a review of the Report and Recommendation pursuant to

Rule 72.3,  which provides:

Any party may object to a magistrate judge's proposed findings,
recommendations or report addressing a motion or matter described in
28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the
disposition of a prisoner case or a habeas corpus petition within ten (10)
days after being served with a copy thereof.  Such party shall file
with the clerk of court, and serve on the magistrate judge and all
parties, written objections which shall specifically identify the
portions of the proposed findings, recommendations or report to which
objection is made and the basis for such objections.  The briefing
requirements set forth in Local Rule 72.2 shall apply.  A judge shall
make a *de novo* determination of those portions of the report or
specified proposed findings or recommendations to which objection
is made and may accept, reject, or modify, in whole or in part, the findings
or recommendations made by the magistrate judge.  The judge, however,
need conduct a new hearing only in his or her discretion or where
required by law, and may consider the record developed before the

magistrate judge, making his or her own determination on the basis of that record.  The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

s/ Thomas M. Blewitt
THOMAS M. BLEWITT
United States Magistrate Judge

Dated: August 16, 2004