IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

EDWARD R. COSS, JR.                                    1:CV-01-0878

    V.                                                 JUDGE CALDWELL

JAMES NORGAN, SUPT.M., ET AL                           MAGISTRATE BLEWITT

FILED
SCRANTON
SEP 3 0 2004
MARY E. D'ANDREA, CLERK
Per_____
DEPUTY CLERK

PETITIONER'S AMENDED HABEAS CORPUS

PETITIONER, EDWARD R. COSS, AMEND'S HIS PRESENTLY PENDING HABEAS
PETITION WITH THE FOLLOWING ISSUE'S.

1. PETITIONER CLAIM'S THAT THE STATE COURT VIOLATED HIS DUE
   PROCESS RIGHT'S BY NOT PROVING THE ELEMENT'S OF THE
   CRIME'S OF INSTITUTIONAL VANDALISM, AND CRIMINAL MISCHIEF
   BEYOND A REASONABLE DOUBT. IN FACT THE STATE COURT MADE
   NO ATTEMPT TO PROVE THE ELEMENT'S OF EITHER CRIME, BY
   FAILING TO INTRODUCE INTO EVIDENCE ANY RECEIPT OF MONETARY
   LOSS WHICH IS THE ESSENTIAL EVIDENCE NEEDED TO PROVE THE
   ELEMENT OF THESE CRIMES. IN FACT PETTIONER WAS CONVICTED
   BY NOTHING MORE THAN A PERSON TAKING THE STAND AND SAYING
   THE DAMAGE TO A RADIATOR OR LIGHT FIXTURE WAS OR HAD TO
   BE IN THE AMOUNT EXCEEDING $1000.00 . WITHOUT THE RECEIT
   PROVING MONETARY LOSS, A GUESS DOES NOT AND LEGALLY DOES
   NOT PROVE THE ELEMENT REQUIRED TO CONVICT. THEREFORE,
   PETITIONER'S FOURTEENTH AMENDMENT RIGHT'S TO THE U.S.
   CONSTITUTION WERE NOT ONLY VIOLATED, BUT NEVER RECOGNIZED
   BY THE STATE COURT.

2. PETITIONER RAISES A CLAIM OF ACTUAL INNOCENSE. DURING THE
   FEDERAL EVIDENTIARY HELD IN THIS MATTER ON APRIL 20, 1998,
   TESTIMONY WAS PROVIDED BY THE WITNESSES THAT WERE NOT CALLED
   DURING THE 1986 TRAIL, RESULTING IN THE U.S. COURT OF APPEAL'S
   FOR THE THIRD CIRCUIT FINDING THAT LAWYWER INEFFECTIVE.
   THESE SAME WITNESSES PROVIDED THWERE TESTIMONY 14 YEAR'S
   LATER, AND IT HAS BEEN SHOWN THAT PETITIONER WAS IN FACT IN
   A POLICE CAR IN CUSTODY WHILE THE OFFICER WAS ASSAULTED.
   BECAUSE STATE COURT CAN NOT GRANT RELIEF AFTER STATE SENTENCE
   IS COMPLETE, PETITIONER IS FORCED RO ASK THE FEDERAL COURT TO
   ACKNOWLEDGE THE FACT THAT THE TRUE ASSAILANT OF THE POLICE
   OFFICER DID INFACT TESTIFY THAT HE IS THE ONE THAT ASSAULTED
   THE POLICE OFFICER, AND THE PETTIIONER DID NOT, IT IS ONLY
   FAIR TO REALIZE THAT PETITIONER HAS NOT ONLY EXPERIENCED THE
   ADVERSE AFFECT'S RESULTING FROM A CONVICTION FOR ASSAULTING
   A POLICE OFFICER, BUT ALSO ONE CAN ONLY IMAGINE THE DEGREE
   OF STIGMATISM, AND NEGATIBE CONSEQUENCES THAT WILL FLOWW.
   PETITIONER DID NOT ASSAULT THE POLICE OFFIER, AND THE EVIDENCE
   PROVES IT THIS CONVICTION MUST BE REMOVED FROM HIS RECORD.

Roy stocker V. WARDEN civil no 02-2077
2004 US. Dist. Lexis 5395

HABES CORPUS AMENDED PETITION CONTINUED:

3. PETITIONER RAISES A CLAIM, THAT THE STATE COURT DID NOT
   HAVE ANY JURISDICTION OVER PETITIONER'S CASE AND THAT IN
   FACT VIOLLATED HIS DUE PROCESS RIGHT'S BY FAILING TO
   LEGALLY CERTIFY PETITIONER FROM JUVENILE COURT TO ADULT COURT.
   IN FACT PETITIONER A THEN 17 YEAR OLD WAS NOT PROVIDED WITH
   A LAWYER OR ANY ADULT INCLUDING HIS PARENT'S, OR A HEARING
   PRIOR TO HIS MOVE TO THE ADULT PRISON. IN FACT THE JUVENILE
   AUTHORITIES CALLED PHILADELPHIA JUVENILE COURT OR ATHORITY
   TO REQUEST WHETHER A JUVENILE COULD BE LEGALLY MOVED FROM
   JUVENILE TO ADULT WITH ONLY A MISDEAMEANOR OFFENSES? THE
   ANSWER WAS NO AND SO THE JUVENILE COURT, AND POLICE DECIDED
   TO BOOTSTRAP A SIMPLE ASSAULT UP TO AN AGGRAVATED ASSAULT IN
   ORDER TO JUSTIFY THE MOVE, BUT DID NOT GIVE PETITIONER THE
   LEGAL HEARING REQUIRED BY LAW TO NOVE HIS CASE TO ADULT COURT.
   NO LAWYER OR PARENT WAS PRESENT. IN FACT IF THIS HEARING WAS
   HWLD NO COURT WOULD HAVE DETERMINED THAT VANDALISM, AND
   JUMPING ON A POLICE OFFICER'S BACK WAS SERIOUS ENOUGH TO
   SEND A JUVENILE TO ADULT COURT. IN FACT WHEN THIS CASE DID
   GO TO TRIAL THE JUDGE MADE A RULING THAT AGGRAVATED ASSAULT
   DID NOT OCCUR, SO ONE WOULD WONDER WHY ID THE ONLY FELONY
   WAS DROPPED WHY WOULD THIS CASE NOT BE SENT BACK TO THE JUVENILE
   COURT FOR THE HANDLING OF A FEW MISDEMEANOR'S? THE JUVENILE
   COURT, ABD THE ADULT COURT THENDECIDED TO SEND A PERSON
   CONVICTED AS A 17 YEAR OLD TO A STATE PRISON FOR 2 YEARS FOR
   MISDEMEANOR OFFENSES, AND FAILED TO DEND THE CASE BACK TO JUVENILE
   COURT, THIS BEING THE FIRST TIME ON THIS PLANET THAT A KID CONVISTED
   AT 17 YEAR'S OLD WAS SENT TO A STATE PRISON FOR A MISDEMEANOR.
   WHEN THE STATE JUVENILE COURT FAILED TO HOLD THE REQUIRED HEARING
   TO CERTUFY JUVENILE TO ADULT COURT STATE ADULT SYSTEM LACKED
   JURISDICTION TO PROSECUTE, AND THE ENTIRE CASE SHOULD BE DISMISSED.

   [Margin annotations: "Certification To Adult Court is Jurisdictional Issue which can not be waived"; "75 PA CS. 6303 (E) misdemeanor conviction sent back to Juvenile Court"; "Com v Madden 442 A2d 420"]

4. PETITIONER HAS NO OTHER MEAN'S TO ATTACK OR CHALLENGE THIS
   UNLAWFUL CONVICTION, THAT HE IS INNOCENT OF. IN FACT PETITIONER'S
   STATE POST CONVICTION PETITION WAS PENDING SOME 17 year'S AND
   IT WAS STATED DURING THE STATE HEARING THAT SINCE THE TIME
   ON STATE SENTENCE EXPIRED THE STATE CAN NOT AFFORD ME THE RELIEF.
   THE STATE FAILED TO APPEAL THE THIRD CIRCUIT DECISION IN FULL,
   INSTED THEY ABANDONED THE INEFFECTIVE COUNSEL FIDING BY THAT
   COURT, AND FAILED TO REALIZE THAT A DETERMINATION WAS MADE BY
   THE THIRD CIRCUIT, BY USE OF THE EVIDETIARY TESTIMONY THAT
   PETITIONER WAS ACTUALLY INNOCENT OR WOULD NOT HAVE BEEN FOUND
   GUILTY BECAUSE GEORGE FRIETTO TESTIFIED THAT IT WAS HE, AND NOT
   PETITIONER WHO IN FACT ASSAULTED THE PLOLICE OFFICER. PETITIONER
   SUFFER'S EVERYDAY WHILE IN PRISON WHEN ASKED ABOUT THE ASSAULT
   ON A POLICE OFFICER, WHICH IS USED IN CUSTODY LEVEL DECISION'S,
   ALSO, WHILE PETITONER WAS FREE ON PAROLE EMPLOYER'S HAVE
   DECIDED AGAINST HIRING HIM BECAUSE OF THE ASSAULT ON A POLICE OFFICER.
   PETITIONER HAS BEEN LOOKED DOWN ON, AND HAS EXPERIENCED
   DEPRESSION, AND EMOTIONAL DURESS OVER BEING DENIED EMPLOYMENT
   AND BLACKBALLED BECAUSE HE KNOW'S HE IS INNOCEMT BUT HAS NO
   WAY OF FORCING THE STATE COURT TO REVIEW THIS ILLEGAL CONVICTION
   TO HAVE SAID REMOVED FROM THE RECORD WHICH IS BEING USED
   AGAINST HIM.

AMENDED HABEAS CORPUS PETITION

5. PETITIONER FILED HIS STATE POST CONVICTION IN 1987 WITH NO ACTION TAKEN BY THE STATE UNTIL 2004. PETITIONER WAS GIVEN A LAWYER IN 1987, WHO WROTE PETITIONER ONE LETTER, AND NEVER AGAIN WRITING, ALLOWING FOR PETITIONER TO SIT IN PRISON.

6. PETITIONER'S STATE CPOURT P.C.R.A. WAS NEVER AMENDED BY ANY LAWYER RESULTING IN A GIDEON VIOLLATION, AND DENIAL AND VIOLATION OF PETITIONER'S RIGHT TO COUNSEL

7. THE STATE COURT CLAIM'S THAT ONCE A MAXIMUM TERM EXPIRES THERE IS NO REVIEW OR RELIF THAT CAN OCCUR. THEY INTENTIONALLY PACIFY A PETITIONER WHO HAS MERIT TO HIS CLAIM's, AND TRY TO RUN THE CLOCK OUT. THE FACT OF THES CASE IS PETITIONER HAS BEEN "WAITING FOR A BUS, THAT HAS NEVER ARRIVED" WORSE YET PETITIONER HAS WAITED FOR 18 YEARS FOR A BUS "THAT WAS NEVER SCHEDULED TO ARRIVE"

8. P.C.R.A. IN STATE COURT'S MEAN (PURPOSELY PLACING PRISONER'S CONSTITUTIOANL RIGHT;S ASIDE) WHY NOT IF THE MAXIMUM TERM MEAN'S FINALITY THEN WHY NOT RUN THE CLOCK OUT, IT BEAT'S ACKNOWLEDGING A PERSON'S RIGHT 'S WERE VIOLATED, OR IN THIS CASE AN INNOCENT PERSON WENT TO PRISON, AND NOW IS BEING FORCED TO LIVE WITH A CONVICTION, THAT THE REAL ASSAILANT CONFESSED TO DOING WITH NO WAY TO CLEAR MY NAME.

9.
WHEREFORE PETITONER PRAYS THAT THIS HONORABLE COURT GRANT HIS REQUEST FOR HABEAS RELIEF, AND ALLOW FOR THE AMENED ISSUE'S RAISED WITHIN TO BE APART OF HIS ORIGINAL FILING

RESPECTFULLY SUBMITTED,

EDWARD COSS

SEPTEMBER 9, 2004

EDWARD COSS
CB-5970
SCI DALLAS
FOLLIES RD.
DALLAS, PA.
18612

CLERK
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PA
P.O. BOX 1148
235 N. WASHINGTON AVENUE
SCRANTON, PA. 18503

RECEIVED
SCRANTON

SEP 30 2004

MARY E. D'ANDREA, CLERK
Per_____ DEPUTY CLERK

RE: CIVIL ACTION 1: CV-01-0878

DEAR CLERK:

   PLEASE FIND ENCLOSED FOR FILING MY AMENDED HABEAS PETITION. KINDLY, TIME STAMP A COPY, AND RETURN IT TO ME FOR MY FILES.

RESPECTFULLY,

EDWARD COSS