


COMMONWEALTH OF PENNSYLVANIA
OFFICE OF ATTORNEY GENERAL

October 22, 2004

Gerald J. Pappert
Attorney General

REPLY TO:
Litigation Section
15th Fl., Strawberry Square
Harrisburg, PA 17120
DIRECT: (717) 787-3874
FAX: (717) 772-4526

**Andrew J. Jarbola, District Attorney
LACKAWANNA COUNTY COURTHOUSE
200 North Washington Avenue
Scranton, PA 18503**

    RE:    <u>Cross, Edward v. Morgan, James, et al.</u>
            No. 01-0878 (M.D. Pa)

**Dear Mr. Jarbola:**

    I have received a copy of the Order and Petition for Habeas Corpus in the above-captioned matter. It appears to me that the matters raised in the Petition relate to an uncompleted criminal prosecution of the petitioner in your court of common pleas. As you are aware, Rule 5, 28 U.S.C. Foll §2254 requires that copies of relevant portions of the transcript be appended to the answer and that the issue of exhaustion of state remedies be addressed.

    Because of your access to, and familiarity with, the records in the case, your office is the best source for personal knowledge of the prosecution and the status of this on-going prosecution, we are referring it to you and asking you to respond within the time mandated by the Court's Order. I note that the answer is currently due to be filed on or before November 2, 2004.

    Of course, most habeas petitions are disposed of on the petition and response without a hearing and a significant number are dismissed for failure to exhaust available state remedies as to all or some of the claims presented. As recently amended by the Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. §2254(b)(2) permits the Court to deny a petition on its merits notwithstanding the failure of the petitioner to exhaust remedies available in the state courts. Moreover, respondents cannot waive a petitioner's failure to exhaust except by express declaration. Exhaustion requires the petitioner to have "fairly presented" the issue to the state courts before proceeding to federal court. Picard v. Connor, 404 U.S. 270, 275-76 (1971).

Further, when a petition is mixed, presenting both issues for which state review has been exhausted and one or more issues which are not and the Court does not dismiss on a merits analysis, it must be dismissed unless the petitioner abandons the unexhausted claims. Rose v. Lundy, 455 U.S. 509 (1982). It is petitioner's burden to establish both all facts entitling him to discharge as well as demonstrating that he has met all procedural requisites entitling him to relief. Gonce v. Redman, 780 F.2d 333, 336 (3d Cir. 1985) (burden on habeas petitioner to establish exhaustion).

Unless I hear otherwise, I will assume that you will have sufficient time to file an answer conforming with the rules for 28 U.S.C. §2254 petitions or will seek an enlargement if necessary and that no further action by this Office is required. By a copy of this letter to the clerk, I am informing the Court that we anticipate that you will be responding to all issues raised. I would appreciate receiving a copy of your response (please do not send copies of any exhibits to us).

If I can be of assistance (such as seeking an enlargement of the current filing deadline) or if you believe I am in error and this matter does not relate to a county prosecution, please contact me immediately. Thank you for your help.

Sincerely,

Francis R. Filipi
Senior Deputy Attorney General

FRF/clh
C:  Clerk
    Petitioner