IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| EDWARD R. COSS, JR., | : | CIVIL ACTION NO. **1:01-CV-00878** |
|  | : |  |
| Petitioner, | : | (Judge Caldwell) |
|  | : |  |
|  | : | (Magistrate Judge Blewitt) |
| v. | : |  |
|  | : |  |
| JAMES P. MORGAN, et al., | : |  |
|  | : |  |
| Respondents | : |  |

**MOTION TO DISMISS**
**UNDER THE PROVISIONS OF 22 U.S.C.A. § 2244(b)(1) & § 2244(d)**
or,
in the Alternative,
**MOTION FOR EXTENSION OF TIME TO ANSWER**
and
**FOR OTHER RELIEF**

Respondents, through their undersigned counsel, move the Court, upon the grounds set forth herein and for the legal reasons set forth in the accompanying Memorandum of Law, for an Order dismissing these proceedings under the provisions of 22 U.S.C.A. § 2244(b)(1) & § 2244(d), or alternatively for an Order extending the time within which respondent's Answer and supporting Brief should be filed, and for such other relief as the Court may deem appropriate.  In support of such motion, Respondents inform the Court as follows:

1.      Despite the fact:

    (A)    that this case was originally filed on May 17, 2001 and,

    (B)    the further fact, as the court docket discloses, that more than thirty (30) docket entries have been made during the period from May 17, 2001 to the present,

no pleadings or orders in this case were provided to respondents previous to the Order entered on November 11, 2004, which Order was received by respondents' undersigned counsel on or about November 15, 2004.

> [No copy of any petition referred to in the Order entered on November 11, 2004 accompanied said order, but upon inquiry at the Clerk's Office on or about November 16, 2004 counsel was informed that an *amended* petition had recently been filed; and the Clerk's Office, on said date, provided the undersigned with a copy of such amended petition (Doc 24).
> All other documents and information concerning these proceedings which are referred to in this motion were acquired by respondents for the first time on November 19, 2004, through an electronic search of the court docket and a selective electronic downloading of documents deemed pertinent to the relief sought by this motion.]

2.      Although it was directed in the Court's *Order to Show Cause* dated October 13, 2004 (Doc 27) that a copy of the petition and amended petition (Docs 1 and 24) should have been served upon the District Attorney of Lackawanna County, the return of service (Doc 29) indicates that the required petition and

amended petition were erroneously mailed instead, by the Clerk of the United States District Court, to "Lackawanna County Courthouse Clerk's Office" and receipted for on October 15, 2004 by a person whose identity has not as yet been determined.

    3.    The only copy of the original Petition (Doc 1) which respondent ever received is a copy that was electronically downloaded by counsel on November 19, 2004. The foregoing facts tend to explain why more timely action as directed by the *Order to Show Cause* dated October 13, 2004 (Doc 27) was not forthcoming, thereby necessitating the Court's further Order dated November 12, 2004 (Doc 31).

    4.    Based upon counsel's brief review, hereinafter detailed, of the documents on file in these proceedings [*see*, particularly, Doc 1, at paragraph 4d on page i (which immediately follows page 7 of Doc 1) and Doc 10] Counsel informs the Court that it appears of record in this cause that the instant habeas corpus petition (Doc 1) constitutes petitioner's second federal habeas corpus petition seeking to attack the judgment of sentence imposed on January 30, 1987 by the Court of Common Pleas of Lackawanna County Pennsylvania in Criminal Docket Number 1986-CR-645, (*see* Doc 1 at paragraphs 1-3 on page 5).

    5.    Counsel's brief review of the documents on file in these proceedings disclosed the following details:

    A.    In a letter dated July 12, 2001, authored by petitioner and filed herein on July 16, 2001, (Doc 10) petitioner expressly recognizes that a prior habeas petition attacking the same criminal conviction and judgment of sentence was, with his knowledge, litigated all the way to the Supreme Court of the United States. Beginning in the final paragraph on the first page of petitioner's letter dated July 16, 2001, (Doc 10), petitioner states:

> "In my objection I requested that Magistrate Blewitt's order dismissing my action be voided, and have the case administratively closed until state remedies are exhausted without prejudice if the state doesn't decide my 14 + year old PCRA Petition then I would have the option to reopen the action.
>
> "I believe this case can be worked out in the State Court. It took me 15 years to get to the U.S. Supreme Court only to be told that a Gideon issue didn't exist in my case. Well as you can read in my habeas petition there are numerous Gideon violations, and I feel at this point the state will do anything to stall or stonewall my efforts to have my case heard and decided fairly. The U.S. Supreme Court was lied to. I'm just making sure it doesn't happen again."    (Doc 10, pages 1 and 2)

    B.    In paragraph 4d on page i (which immediately follows page 7) of the habeas petition originally filed in the instant proceedings (Doc 1), petitioner makes specific reference to <u>Coss v. Lackawanna County District Attorney</u>, 204 F.3d 453 (3d Cir. 2000).

6. The judgment of sentence imposed on January 30, 1987 by the Court of Common Pleas of Lackawanna County Pennsylvania in Criminal Docket Number 1986-CR-645, (*see* Doc 1 at paragraphs 1-3 on page 5) is:

A. The same judgment that was examined into by the Supreme Court of the United States in <u>Lackawanna County District Attorney v. Coss</u>, 532 U.S. 394, 121 S.Ct.1567, 149 L.Ed.2d 608 (2001); and is also

B. The same judgment that was subjected to examination in petitioner's appeal to the United States Court of Appeals for the Third Circuit (*See*, <u>Coss v. Lackawanna County District Attorney</u>, 204 F.3d 453 (3d Cir. 2000)); and is also

C. The same judgment that was the subject of an earlier habeas corpus petition filed by this petitioner in this court, upon which earlier petition this court denied petitioner the habeas corpus relief he sought. (*See*, <u>Coss v. Lackawanna County District Attorney</u>, No. 94-cv-1481, (M.D.Pa. 1998), unreported Memorandum and Order of the Honorable Thomas I Vanaskie dated and filed June 8, 1998.

It is the Memorandum and Order of Judge Vanaskie, as described above in paragraph 6C which gave rise to the decision of the United States Court of Appeals

for the Third Circuit, as described above in paragraph 6B, resulting to the decision of the Supreme Court of the United States described above in paragraph 6A.

7.    Notwithstanding the extensive history of petitioner's previous habeas corpus petition as described in paragraph 6 of this motion (a history which, with all of its legal consequences, becomes readily apparent to an adequately informed observer),  petitioner failed to disclose to this court, in his answers to questions 11 and 12 of the original petition (Doc 1 at page 6), any of the details set forth above in subparagraphs 6A, 6B and 6C of this Motion.  Such non-disclosure by petitioner is in the face of the fact that question 11, through explicit inquiry concerning ". . .any petitions . . . in any court, state or federal . . ." obviously  obliged petitioner to have made the disclosure which he omitted to make and which, if made, would readily and adequately have informed the court that the habeas petition involved herein indeed does constitute ". . . a second or successive habeas corpus application . . ." which, under the provisions of 22 U.S.C.A. § 2244(b)(1), should be dismissed.

8.    For the reasons expressed in the accompanying *Memorandum of Law*, respondents believe, but not with great certainty, that the "gate-keeping" requirements of 22 U.S.C.A. § 2244(a) & § 2244(b) may be jurisdictional, or at

6

least that satisfaction by the petitioner of such "gate-keeping" requirements may be prerequisite to further proceedings on the instant petition as amended.

9.  In all events, and in view of the legal complexity of the matters of record noted in this motion, respondents do not believe that they can fairly answer the instant petition as amended within the time specified by the Court's Order dated November 12, 2004; respondents accordingly seek an extension of such time to answer by at least fifteen (15) additional clear business days.

WHEREFORE, respondents seek instruction and guidance from the Court as follows:

A.  Whether an Order should be entered dismissing these proceedings under the provisions of 22 U.S.C.A. § 2244(b)(1) or, for reasons more adequately expressed in the accompanying Memorandum of Law, under the timeliness provisions of 22 U.S.C.A. § 2244(d).

B.  Whether an Order should be entered holding these proceedings in abeyance so as to afford petitioner the opportunity, if he can, to satisfy the "gate-keeping" requirements of 22 U.S.C.A. § 2244(a) & § 2244(b).

In all events, however, respondents seek the entry of an order extending the time within which respondents must file their answer by at least fifteen (15) additional clear business days, and granting to the parties such further or additional relief as the court may deem appropriate in the premises.

Respectfully submitted,  November 22, 2004.

    s/ *William P. O'Malley*
William P. O'Malley ,Atty. I.D. # 58520
Assistant District Attorney
Lackawanna County Courthouse
200 N. Washington Avenue
Scranton, PA  18503
(717) 963-6717

CERTIFICATE OF SERVICE

I hereby certify that on November 22, 2004, I served a copy of the foregoing: *MOTION TO DISMISS UNDER THE PROVISIONS OF 22 U.S.C.A. § 2244(b)(1) or, in the Alternative, MOTION FOR EXTENSION OF TIME TO ANSWER and FOR OTHER RELIEF*, upon Petitioner,

Mr. Edward R. Coss  #CB5970
SCI Dallas
1000 Follies Road
Dallas, PA 18612

by prepaid first class U.S. Mail,

    s/ *William P. O'Malley*
William P. O'Malley
Assistant District Attorney

8