IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| | : | CIVIL ACTION NO. **1:01-CV-00878** |
| EDWARD R. COSS, JR., | : | |
| | : | |
| Petitioner, | : | (Judge Caldwell) |
| | : | |
| | : | (Magistrate Judge Blewitt) |
| v. | : | |
| | : | |
| JAMES P. MORGAN, et al., | : | |
| | : | |
| Respondents | : | |

## MEMORANDUM OF LAW

In Support of Respondents' Motion to Dismiss
Under the Provisions of 22 U.S.C.A. § 2244(b)(1) & § 2244(d)
or, in the Alternative, Motion for Extension
of Time to Answer and for Other Relief

Respondents have filed, contemporaneously herewith, a *Motion to Dismiss Under the Provisions of 22 U.S.C.A. § 2244(b)(1) & § 2244(d) or, in the Alternative, Motion for Extension of Time to Answer and for Other Relief.* This Memorandum of Law is filed in support of that Motion.

## PROCEDURAL BACKGROUND

This habeas corpus case was filed on May 17, 2001 (Doc 1) and was assigned to Judge Blewitt. The state court judgment which, in his petition,

petitioner targeted for attack was the judgment of sentence imposed on January 30,

1987 by the Court of Common Pleas of Lackawanna County Pennsylvania in

Criminal Docket Number 1986-CR-645, (*see* Doc 1 at paragraphs 1-3 on page 5).

On June 11, 2001, Judge Blewitt entered an Order to Show Cause (Doc 4)

but, for reasons not entirely clear, before the ordered notification had been sent to

the respondents[1] the Order to Show Cause (Doc 4) was vacated (*See*, ORDER #12).

---

[1]     There appears on the docket sheet for this case, under date of July 16, 2001, an entry (Doc 9) which discloses petitioner's filing of a "RESPONSE by petitioner to respondent's application for relief."  Such a filing might tend to suggest that petitioner received from respondents, or from their counsel, an *Application for Relief* to which petitioner's response might appropriately have been addressed; thereby tending further to suggest a likelihood that contrary to the assertions set forth in paragraph 1 of respondent's *Motion* which accompanies this *Memorandum of Law*, respondents actually did have knowledge of the pendency of these proceedings at some time prior to November 15, 2004 (when respondents received a copy of the court's order dated November 11, 2004 (Doc 31)).

Any such suggestion or further suggestion ought to be dispelled because, so far as this writer can determine, at no time prior to November 15, 2004, did respondents or any one on respondents' behalf, have any awareness of the pendency of these proceedings.

Respondents' un-awareness of the pendency of the instant habeas proceedings during all times prior to November 15, 2004 is fortified somewhat by terminology: *application for relief*, utilized by petitioner in the title and body of his *Response* (Doc 9).  The term "application for relief" derives from and is normally utilized solely in connection with Pa.R.App.P. 123, a court rule which uniquely relates to what otherwise might have been regarded as "motion practice" before the appellate courts of Pennsylvania.

Under *Rule 123*, parties to an appeal in Pennsylvania do not file "Motions," they file "Applications for Relief."  It seems more of a strong likelihood than a mere possibility that on or about mid-July 2001, the Commonwealth had filed an *Application for Relief* with a state appellate court on an appeal involving Edward Coss and Mr. Coss simply filed his response in the wrong court.  If the facts are otherwise than has been suggested as likely, petitioner will have an opportunity in his responsive Memorandum to explain why he responded in this case to an *Application for Relief* which had never been filed in this case.

On June 28 2001, Judge Blewitt dismissed the case (Doc 6) in response to a motion (Doc 5) filed by petitioner pending completion of certain state court proceedings.

The instant habeas proceedings remained dormant from July 2001 until July 1, 2004, when petitioner filed a motion (Doc 15) to reopen the case and to amend the petition.  The court granted petitioner's request to reopen the case by order dated July 15, 2004, (Docs 15 and 16).

In connection with petitioner's request, filed on July 1, 2004, for leave to amend his petition (part of Doc 15), petitioner explicitly, *and for the first time*, disclosed to the court that which he should have disclosed (but did not disclose) in paragraphs 12 and 13 of his initial petition (Doc 1), filed in this case on May 17, 2001, to wit, that the instant petition filed on May 17, 2001 is not petitioner's first petition attacking the state court's 1987 judgment of sentence, but is actually his second such petition.  As part of his request for leave to amend (Doc 15) petitioner stated [2] :

---

[2]    The ". . .very serious error . . ." to which petitioner makes reference may, quite likely, be considerably more serious a problem for petitioner than he presently contemplates. That likelihood will, as is appropriate, be addressed in greater detail in the *Argument* segment of this *Memorandum of Law.*

"There seem's [sic] to be a very serious error occurring, one that the federal courts must correct. 94:CIV-1481 was filed in 1994, that petition went through the system, and eventually ended at our U.S. Supreme Court. The problem is that the Third Circuit ruled in my favor on the ineffective assistance of counsel claim, and the District Attorney failed to appeal that aspect of the ruling to the Supreme cour [sic], resulting in a waiver of those issue's [sic], and in 2001 I was under the impression that the Third Circuit would issue the writ pertaining to the ineffective claim only.

"I filed the petition in the Middle District because I was imprisoned in Huntingdon County, and I wanted to keep the claim alive, and later show that I at no time waived any relief entitled to the Third Circuit's ruling, 204 F.3d 453 (2000)." (Doc 15).

On August 10, 2004, petitioner filed a Motion to Appoint Counsel (Doc 19) which, by an order of Judge Blewitt (Doc 21) was denied on August 13, 2004, with the observation that if the circumstances of the case should change the court would consider a new application for appointment of counsel at that time.

On August 11, 2004, petitioner filed a Motion to Stay Proceedings (Doc 20) which, through *Report and Recommendations* (Doc 22) authored by Judge Blewitt it was recommended, on August 13, 2004, that the Motion to Stay Proceedings be denied. On October 7, 2004, Judge Caldwell entered an order (Doc 25) adopting Judge Blewitt's Report, denying the Motion to Stay Proceedings and remanding the matter to Judge Blewitt for further proceedings.

On September 30, 2004, petitioner filed a document titled as *Petitioner's Amended Habeas Corpus* (Doc 24).

4

On October 13, 2004 Judge Blewitt entered an Order (Doc 27) consisting of four pages, the first two of which constituted a signed order informing petitioner that he was being allowed forty-five (45) days within which to make an election, the terms of such election constituting the two final pages of the document.  In the first paragraph on the first page of the order, Judge Blewitt first makes reference to the initial petition (Doc 1) filed in this cause on May 1, 2001and next makes reference to the amended petition (Doc 24) before observing:

> "The petition presents grounds attacking his conviction or sentence or both. The sentence was imposed by the Court of Common Pleas of Lackawanna County."

The next paragraph of Judge Blewitt's Order (Doc 26) reads as follows:

> "In accordance with United States v. Miller, 197 F.3d 644 (3d Cir. 1999) and Mason v. Meyers, 208 F.3d 414 (3d Cir. 2000), the Petitioner is advised that he can have the petition ruled on as filed, but in that event lose his ability to file a second or successive petition absent certification by the Court of Appeals, or withdraw his petition and file one, all-inclusive § 2254 petition within the one-year statute of limitations period prescribed by the Antiterrorism Effective Death Penalty Act of 1996."

Unique procedural problems regarding the portions of the order (Doc 24) just quoted will be addressed in greater detail in the *Argument* segment of this *Memorandum of Law* but it seems appropriate to note at this juncture that such procedural problems appear to have arisen because of petitioner's failure to have

5

been more candid or forthcoming with the Court in the manner with which he pleaded the matters contemplated by paragraphs 11 and 12 on page 6 of the Petition for Writ of Habeas Corpus (Doc 1) initially filed in this case. These unique procedural problems include the following:

(a)    If, as now appears to be the situation, the habeas corpus petition filed by petitioner in 1994, giving rise to Case No. 94-cv-1481, was petitioner's *first* petition, then the initial habeas corpus petition filed in these instant proceedings (Doc 1) would, necessarily have to be regarded as petitioner's *second* habeas corpus petition. The further fact that petitioner has neither sought nor obtained an order from the Court of Appeals, as is required by 22 U.S.C. § 2244(3)(a), authorizing the District Court to entertain petitioner's second habeas corpus petition is a factor that well may have to be dealt with.

(b)    Should the election to made by petitioner (pursuant to the advice provided in Judge Blewitt's order dated October 13 (Doc 26) as quoted earlier), be ". . .to have the petitions ruled on as filed . . ." the consequences would not necessarily be as quoted, to wit: ". . . lose his ability to file a second or successive petition absent certification by the Court of Appeals." Instead, the consequences well might be different: '. . . lose his ability to file

a **third** or successive petition absent certification by the Court of Appeals.'
This is a <u>further</u> factor that well may have to be dealt with.

©.)    A third factor emerges as an equally obvious procedural
complication, underscored in part by the last portion of the final sentence
quoted from Judge Blewitt's order dated October 13, 2004 (Doc 26):

> ". . . and file one, all-inclusive § 2254 petition within the one-year
> statute of limitations period prescribed by the Antiterrorism Effective
> Death Penalty Act of 1996."

The matter of timeliness emerges as a question of vital importance, and
the increasingly elusive analysis of procedural events in this old and
procedurally convoluted case significantly bears upon the question of
timeliness.

If the date of the Supreme Court decision in petitioner's case has
relevance, that date occurred in the spring of 2001, well over a year previous
to September 30, 2004, the date upon which petitioner's amendment to his
habeas corpus petition was filed.

More relevant is the date upon which, according to the manner of
measurement set forth in <u>28 U.S.C. § 2244(d)(1)</u>, any habeas corpus petition
to have been filed by Mr. Coss <u>should</u> have been filed.  Once that date, which

7

can be determined from the well pleaded allegations of the petition coupled

with judicial notice of published court decisions , has in fact been

determined, the sole remaining task will be to examine petitioner's pleadings

to see whether he has pleaded the existence of sufficient exclusionary

periods, as defined in 28 U.S.C. § 2244(d)(2) so as to enable petitioner's

filing date of May 17, 2001 to be regarded as falling within the statutory

limits of acceptable timeliness.

These timeliness questions as well as related questions that become apparent,

will each be appropriately addressed by respondents in the *Argument* segment of

this Memorandum of Law.

On October 13, 2004, the court entered an Order to Show Cause (Doc 27)

which required, among other things, that the Clerk provide the Offices of the

Pennsylvania Attorney General and the District Attorney of Lackawanna County by

certified mail with copies for each of said order as well as copies of the initial

petition (Doc 1) and the amended petition (Doc 24). The Office of the

Pennsylvania Attorney General responded with a timely letter (Doc 30) indicating

that the notification documents from the clerk had been received and that any

further required response would be met, as is customary in such matters, by the

Office of the District Attorney.  Unfortunately, the mailing to the Office of the

District Attorney was incorrectly addressed (*See*, Doc 29) and the documents intended for the Office of the District Attorney were never received.

Due to the absence of the anticipated response from the Office of the District Attorney, a further order was entered (Doc 31) directing a response with accompanying brief to be filed on or before ten days from the date of such order.  It is that order which prompted the accompanying Motion of respondents and this supporting Memorandum of Law.

## LEGAL ARGUMENT

**I.    On the Question of Whether These Proceedings Should Be Dismissed Due to Petitioner's Failure to Have Complied with the Provisions of <u>28 U.S.C. § 2244(b)(3)</u> Requiring Certification from the Court of Appeals for the Filing of Second or Successive Applications for a Writ of Habeas Corpus.**

It is apparent on the face of the record of this cause that the instant petition for a writ of habeas corpus is not petitioner's first application for a writ of habeas corpus seeking to challenge the legality of the judgment of conviction and sentence entered by the Court of Common Pleas of Lackawanna County in Case No. 86-CR-645.  Such fact could plainly have been disclosed, and *should* have been more plainly disclosed in paragraphs 11 and 12 of the petition (Doc 1) filed herein, but it was not.  The first place in the record of this case where it becomes apparent that

9

the instant petition is not petitioner's first petition addressed to Lackawanna County

Case No. 86-CR-645, is in petitioner's *Request to Reopen Habes [sic] Corpus*

*Petition* (Doc 15), filed herein on July 1, 2004.

There (Doc 15), petitioner recites the case number of his earlier habeas

corpus petition filed in this court (94:CIV-1481) and couples such recital with

reference (204 F.3d 453 (2000)) to the decision of the Court of Appeals from this

court's decision in his earlier Case No. 94:CIV-1481.  In *Petitioner's Amended*

*Habeas Corpus* (Doc 24), Petitioner confirms that his present factual contentions

upon which he now seeks relief are the same factual contentions which the courts

considered and ruled upon:

(a) in the final Order entered by Judge Vanaskie in 94:CIV-1481 and

(b) which the United States Court of Appeals for the Third Circuit reiterated

in the decision of <u>Coss v. Lackawanna County District Attorney</u>, 204 F.3d 453 (3d

Cir. 2000).

From the foregoing facts of record in this case it is now apparent that the

instant habeas corpus petition is not petitioner's first petition addressed to the

judgment of the state court in Lackawanna County Case No. 86-CR-645.  This

revelation creates problems because, although this case has been pending since May

17, 2001 and, in the intervening years, considerable judicial resources have been

10

expended, the instant petition was filed before petitioner obtained the prerequisite

authorization, as established by 28 U.S.C. § 2244(b)(3)(A):

> **"(3)(A)** Before a second or successive application permitted by this section is filed, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."

The remedy provided by statute for any claim previously presented in an

earlier habeas corpus petition is dismissal [3].  "A claim presented in a second or

successive habeas corpus application under section 2254 that was presented in a

prior application shall be dismissed."  28 U.S.C. § 2244(b)(1).

If continuation of the abuse of the writ of habeas corpus (such as appears to

have occurred to date in this case) is to be avoided, this court should proceed no

further except as authorized by 28 U.S.C. § 2244(b).  Chambers v. U.S., 106 F.3d

472 (2d Cir. 1997) (Purpose of gatekeeping provision of Antiterrorism and

Effective Death Penalty Act (AEDPA) requiring petitioner to apply to Court of

Appeals for permission to file second or successive petition is to present abuse of

the writ.).

---

[3] The statute contemplates that petitioner should be afforded an opportunity to demonstrate, if he can, that the claims he presently seeks to present were not presented in his prior application.  *See*, 28 U.S.C. § 2244(b)(2).

II.     On the Question of Whether These Proceedings Should Be
Dismissed Due to Petitioner's Failure to Have Complied with the
Timeliness Requirements of 28 U.S.C. § 2244(d)(1), Coupled with His
Further Failure to Have Demonstrated in His Petition That Any of the
Exclusionary Periods of Time, as Described in 28 U.S.C. § 2244(d)(2)
Should, or Could, Be Applied.

Although the defects giving rise to the matters discussed in the preceding

section of respondents' argument were not readily apparent in the year 2001, at the

outset of these proceedings, and such latency was not dispelled until petitioner's

further filings in the year 2004, the fact of the untimeliness of the instant petition

was less latent from the very outset.   More than seventeen (17) years had elapsed

between January 30, 1987, the date of the judgment of sentence disclosed by

paragraph 3 of the petition (Doc 1), and May 17, 2004, the date upon which the

instant petition was filed.

The habeas corpus statute does not countenance a lapse of seventeen years.

The statute obliges all petitioners to file their petitions within one year[4] from the

date that their judgment of conviction and sentence becomes final.  Additionally,

the court rules (28 foll. § 2254) applicable to Section 2254 proceedings provide a

---

[4]     See, 28 U.S.C. § 2244(d).  Additionally, the *Advisory committee Notes* appearing
in connection with Rule 9(a) (28 foll. § 2254) provide additional guidelines for how much time
is too much, by noting: "Subdivision (a) establishes the presumption that the passage of more
than five years from the time of the judgment of conviction to the time of filing of a habeas
petition is prejudicial to the state.  'Presumption' has the meaning given it by Fed.R.Evid. 301."

means by which it readily can be determined whether a particular habeas corpus petition is or is not timely.

*Rule 2. c.* (<u>28 foll. § 2254</u>) explicitly requires that ". . . [t]he petition shall be in substantially the form annexed to these rules . . . ."  The petition (Doc 1) filed in this case does appear (at least in the particulars here pertinent) to have been begun on a form such as the one annexed to the rules; but the problem is that this petitioner omitted[5] to supply the information which the form contemplated that he should have supplied.

For reasons not readily apparent, there would seem to be a four-page gap in the papers (Doc 1) filed by this petitioner.  The first page is not numbered, but the second page upon which the *Petition* itself begins is numbered as "page 5."  It may be that the "missing" pages contained the remainder of the "*INSTRUCTIONS - READ CAREFULLY*" that began on the first page and then sort of trailed off . . . It may also be that this petitioner felt that if he discarded any instructions contained on the "missing" pages, he might not be held bound to the consequences deriving from his failure to have observed such instructions.

---

[5]     With the benefit of hindsight, the suggestion can be advanced that Mr. Coss' omission to supply <u>all</u> the information required by the form, and supply it in the manner contemplated by the instructions, which clearly appear on the form, may have been a conscious contrivance.  This possibility, as more particularly applicable to the concept of "judge-shopping,"  may be alluded to in later argument.

Regardless of whatever this petitioner may have believed, or what reasons may have occasioned the four-page gap in the papers he filed, the fact remains that he should be held bound to the instructions contained in the *Official Form* annexed to the special rules.  Those instructions on the *Official Form* unambiguously provide, in the final lines of paragraph 1, "All questions must be answered in the proper space on the form."  (28 U.S.C.**A**. § 2254 at p. 831).  If paragraphs 11 and 12 of this petitioner's petition are examined in light of the clear instructions appearing on the *Official Form* some significant facts become apparent.

Petitioner's answer to the question embodied in paragraph 11 of the form he utilized is a correct answer; he indeed <u>had</u> ". . . previously filed any petitions, applications or motions with respect to this judgment in any court, state or federal, including petitions under the Post Conviction Hearing Act . . . ."  However, with respect to paragraph 12 of his petition (Doc 1), Mr. Coss significantly departed from the previously-quoted instructions set forth in the official form, to wit: "All questions must be answered in the proper space on the form."  (28 U.S.C.**A**. § 2254 at p. 831).

It was Mr. Coss significantly departure from the instructions set forth in the official form that occasioned this court not to recognize not only that this is not Coss' first federal habeas petition, but also that this petition was not filed within the

14

time limits established by 28 U.S.C. § 2244(d)(1).

The fact that this petition is not Coss' first federal habeas corpus petition would have been made apparent if, in paragraph 12(b), it had been disclosed (as it clearly should have been disclosed) that an earlier federal habeas corpus petition was of record in the Middle District of Pennsylvania as Case No. 94:CIV-1481. The further history of that earlier federal habeas petition, through the Circuit Court to the Supreme Court, could appropriately have been revealed (as it should[6] have been revealed) either in an attachment sheet to paragraph 12(b) or separately in paragraphs 12c) or (d).

The fact that the instant habeas petition is not timely (and that none of the timeliness exceptions appearing in 28 U.S.C. § 2244(d)(2) apply) would have been made apparent if, in paragraph 12(b) of his petition (Doc 1) Coss had disclosed the true and complete history of all the state court proceedings (including aborted or ineffectual appeals) he pursued in connection with his initial PCRA petition.

This instant habeas corpus petition, filed some seventeen (17) years after the

---

[6]     Earlier in this Memorandum, in footnote 5 on page 13, the possibility of "judge shopping" was alluded to.  One good reason for not disclosing in these proceedings, the existence of his earlier habeas proceedings, could have been a concern by petitioner that if the prior proceedings were disclosed, this case would have been referred back to Judge Vanaskie, who presided over the earlier habeas proceedings and rendered a judgment that was not to Mr. Coss' liking.  If Mr. Coss wished to avoid a reoccurrence of such "misfortune," one good way to do it would be to get a different judge; a species of "Fool me once, shame on you.  Fool me twice, shame on me." kind of thinking.

15

date of Coss' conviction is untimely, almost on its face. If Coss is to have this court

believe that his case fits into one or more of the several possible exceptions

contemplated by 28 U.S.C. § 2244(d)(2), it was Coss' obligation to have plainly

pleaded facts upon which the court (not the petitioner) could have determined that a

timeliness exception as established by statute applied.

Because the untimeliness of Coss' instant petition clearly suggests itself (even

a pendency of 14 years for his PCRA, as alluded to in paragraph 12[a](5) does not

excuse seventeen years of delay) and because Coss' petition contains no pleaded

facts to enable a judicial determination that one of the exceptions contemplated by

28 U.S.C. § 2244(d)(2) might exist, his petition cannot be regarded as having been

timely filed.


**III.    On the Question of Whether Respondents Should Be Granted an Extension of the Time Within Which to File an Answer and the Further Question of Whether the Filing of an Answer Might, More Properly, Be Postponed until after Petitioner Has Obtained from the Court of Appeals the Requisite Authorization for His Instant Application for a Writ of Habeas Corpus.**

At the time respondents initially addressed these proceedings, it was believed

that a reasonable extension (perhaps a period of fifteen clear business days) of the

time to filing an answer would be appropriate. If the Court abides in the belief, on

the present state of the record–as made more apparent from this Memorandum of

Law--that the petition should presently be answered, respondents will fully comply

with the court's directive in such regard.

However, if (as appears to be the case) the instant petition should be

dismissed under the provisions of 28 U.S.C. § 2244(b), any on-going requirement

for an Answer to be filed by respondents tends, somewhat, to involve pre-supposing

that the court of appeals will authorize the district court to continue with these

proceedings.  For such reason, respondents suggest that the court consider deferring

the requirement of an Answer for some longer period than was initially

contemplated by respondents.

Respectfully submitted, November 22, 2004.

　　s/ *William P. O'Malley*　　　　　
William P. O'Malley ,Atty. I.D. # 58520
Assistant District Attorney
Lackawanna County Courthouse
200 N. Washington Avenue
Scranton, PA  18503
(717) 963-6717

CERTIFICATE OF SERVICE

I hereby certify that on November 22, 2004, I served a copy of the foregoing: *MEMORANDUM OF LAW*, upon Petitioner,

Mr. Edward R. Coss
#CB5970
SCI Dallas
1000 Follies Road
Dallas, PA 18612

by prepaid first class U.S. Mail,

_s/ *William P. O'Malley*___
William P. O'Malley
Assistant District Attorney