IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

|   |   |   |
|---|---|---|
| EDWARD R. COSS, JR., | : | CIVIL ACTION NO. **1:01-CV-00878** |
|  | : |  |
| Petitioner, | : | (Judge Caldwell) |
|  | : |  |
|  | : | (Magistrate Judge Blewitt) |
| v. | : |  |
|  | : |  |
| JAMES P. MORGAN, et al., | : |  |
|  | : |  |
| Respondents | : |  |

**MOTION OF RESPONDENTS FOR AN ORDER SUSPENDING
THE LOCAL RULES IN ORDER TO PERMIT THE FILING
BY RESPONDENTS OF A SUPPLEMENTAL
MEMORANDUM OF LAW**

Respondents, through their undersigned counsel, move the Court pursuant to L.R. 1.3 & L.R. 7.1, for the reasons set forth herein and upon the grounds set forth in the Supporting Brief filed herewith pursuant to L.R. 7.5, for an Order suspending the Local Rules in this case so as to permit the filing of the Supplemental Memorandum of Law annexed hereto.

1. Pursuant to the order dated November 12, 2004 (Doc 31) respondents filed a Response to the Petition as contemplated by that order together with a supporting Memorandum of Law.

2. Because of the time constraints (ten days) imposed by the order dated November 12, 2004, respondents were not able sufficiently to develop, in said Memorandum of law, argument adequate to fairly address the factually complex issue of whether petitioner's instant habeas corpus proceedings are timely. This is an issue which is likely to be outcome-determinative in this case.

3. The factually complex issue of whether petitioner's instant habeas corpus proceedings are timely is more adequately developed in the proposed Supplemental Memorandum of Law annexed hereto, but efforts by respondents to file the proposed Supplemental Memorandum of Law would violate the following Local Rules:

L.R. 7.8(b) contemplates that pretrial briefs should not exceed 15 pages or 5,000 words. Neither respondents' initial Memorandum of Law nor the annexed Supplemental Memorandum of Law exceed the page/word limitation, but combined they do.

L.R. 7.8(a) states that no brief "may incorporate by reference all or any portion of any other brief." To a very limited extent, the annexed Supplemental Memorandum of Law (proposed) makes reference to respondents' previous Memorandum of Law, but does so by fully quoting the

portion referred to, thereby avoiding incorporation merely "by reference." Moreover, the matters touched upon in the proposed Supplemental Memorandum of Law are substantially different from and independent of the issues developed in respondents' previous Memorandum of Law and, as a consequence, little if any cross-referral between the original and proposed supplemental memoranda will be required.

4.   The fact sought to be established by the argument in respondent's proposed Supplemental Memorandum of Law (that the instant petition for a writ of habeas corpus should have been filed not later than March 2, 1990, if the timeliness requirements of 28 U.S.C. § 2244(d) were to have been satisfied) is a fact which, if established to the Court's satisfaction, would warrant dismissal of these proceedings.

5.   The facts sought to be established by the argument in respondent's initial and previously filed Memorandum of Law

- that the instant petition for a writ of habeas corpus is Mr. Coss' second such petition and was filed without prior authorization from the court of appeals, and

3

- that the manner in which Mr. Coss pleaded the matters to have been pleaded in paragraphs 11 and 12 of his petition (Doc 1) differed materially from the manner in which such matters should have been pleaded,

are facts which, if established to the Court's satisfaction, would also warrant dismissal of these proceedings, possibly with leave to amend the petition respecting paragraphs 11 and 12 thereof.

6. The issues described above in paragraphs 4. and 5. are believed to be co-equal in significance and, therefore, each of those issues merit consideration by the court. However these issues are sufficiently complex that they cannot be fairly developed within the word/page limitations of L.R. 7.8.

Moreover, no real purpose would be served if these issues were ordered to be redrafted and set forth (as well they can be) in one unified brief of approximately twenty (20) pages.

Additionally, all such issues, as presently proposed for presentation, can adequately be responded to by petitioner either in a single brief or in separate briefs as the Court might direct.

WHEREFORE, respondents request the Court to enter an order suspending

the Local Rules so as to allow the proposed Supplemental Memorandum of Law annexed hereto to be received as the required filing of same and to enter a further order establishing the time and manner in which petitioner would be permitted to file such response as he might desire to file, both to respondents' previous Memorandum of Law and to the Supplemental Memorandum of Law annexed hereto.

    Respectfully submitted, December 2, 2004.

                                              s/ *William P. O'Malley*
                                            William P. O'Malley ,Atty. I.D. # 58520
                                            Assistant District Attorney
                                            Lackawanna County Courthouse
                                            200 N. Washington Avenue
                                            Scranton, PA  18503
                                            (570) 963-67167

## CERTIFICATE OF SERVICE

I hereby certify that on December 2, 2004, I served a copy of the foregoing:

*Motion of Respondents for an Order Suspending the Local Rules in Order to Permit the Filing by Respondents of a Supplemental Memorandum of Law*

upon Petitioner,

>Mr. Edward R. Coss  #CB5970
>SCI Dallas
>1000 Follies Road
>Dallas, PA 18612

by prepaid first class U.S. Mail,

>>s/ *William P. O'Malley*
>>William P. O'Malley
>>Assistant District Attorney