IN THE UNITED STATES DIST. COURT
FOR THE MIDDLE DIST. OF PENNA

FILED
HARRISBURG, PA
DEC 15 2004
MARY E. D'ANDREA, CLERK
Per _____
Deputy Clerk

| | | |
|---|---|---|
| EDWARD COSS, | : | |
| PETITIONER | : | CIVIL ACTION NO. |
| | : | 1:01-CV-00878 |
| V. | : | |
| | : | (JUDGE CALDWELL) |
| JAMES WYNDER, | : | |
| RESPONDENT | : | (MAGISTRATE BLEWITT) |

PETITIONERS RESPONSE TO RESPONDENTS'
SUPPLEMENTAL MEMORANDUM OF LAW

RESPONDENT CLAIM THAT THE PURPOSE OF FILING THEIR SUPPLEMENTAL MEMORANDUM OF LAW WAS TO DEVELOP PORTIONS OF LEGAL ARGUMENT WHICH, "BECAUSE OF TIME CONSTRAINTS" PREVENTED RESPONDENT FROM DEVELOPING LESS FULLY THAN THEY MIGHT HAVE DONE IN THEIR PREVIOUS MEMORANDUM OF LAW. ONCE AGAIN RESPONDENT TELL'S HALF THE STORY, THIS ARGUMENT FAIL'S FOR NUMEROUS REASONS; FIRST, RESPONDENTS SUPPLEMENTAL STATE'S "BECAUSE OF TIME CONSTRAINTS" WHEN IN FACT RESPONDENT ADMITTEDLY IN THEIR MOTION REQUESTING AN ORDER TO SUSPEND LOCAL RULES, STATE L.R.7.8(b) WHICH CONTEMPLATES, THAT PRE-TRIAL BRIEFS SHOULD NOT EXCEED 15 PAGES OR 5000 WORDS. RESPONDENT HAS NOT BEEN HONEST WITH THIS COURT. THE RESPONDENT IS USE TO NUMEROUS "BITE'S OF THE APPLE", AND HAS ONCE AGAIN BEEN SUCCESSFUL, IF EVERYONE ASKED FOR THE RULES TO BE SUSPENDED JUST BECAUSE THEIR ARGUMENT ISN'T CONVINCING OR TO JUST HAVE A SECOND CHANCE, THEN WHY HAVE RULE'S OR TIME LIMITATION'S IN WHICH PAPER'S MUST BE FILED? RESPONDENTS SUPPLEMENTAL IS REDUNDANT AND STATE'S NUMEROUS CROSS REFERRALS BETWEEN PREVIOUS, AND

1

SUPPLEMENTAL MEMORANDUM. RESPONDENT CAN NOW SAY THAT BOTH FILING'S WOULD NOT HAVE EXCEEDED THE 15 PAGE OR THE 5000 WORD LIMITATION. THAT IS LIKE THE GAMBLER SAYING ON MONDAY MORNING HE WOULD HAVE BET ON THE WINNING TEAM IF HE HAD TIME TO PLACE THE BET. RESPONDENTS KNOW HOW TO BEND THE RULES, AND USE TRICKERY TO EVEN INTENTIONALLY NOT BE CANDID WITH A COURT. RESPONDENT HAS ACCUSED PETITIONER OF NOT BEING HONEST WHEN ANSWERING QUESTION #11 ON THE PETITION, WHEN IN FACT RESPONDENT IS WELL AWARE OF THE FACT THAT PETITIONER DID MARK THE "YES" BOX. RESPONDENT SHOULD HAVE TO EXPLAIN WHY IN THEIR SUPPLEMENTAL, THAT THEY FAILED TO EXPLAIN THE LIMITATION FACTOR, AND ALSO THE NUMEROUS CROSS REFERRAL'S?

RESPONDENT'S SUPPLEMENTAL WAS ALLOWED OVER PETITIONER'S OBJECTION RESPONDENT'S HAVE NOW SWITCHED GEAR'S AND HAVE STRESSED "TIMELINESS". "ELIGIBILITY", AND "JURISDICTION". IN STATE COURT THAT SIMPLY MEANS WHO IS ELIGIBLE FOR US TO GRACE THEM WITH OUR JURISDICTION? THE LIGHTSWITCH EFFECT, IT IS TURNED ON FOR THE DEFENDANT WHO IS CONNECTED, AND TURNED OFF FOR THE DEFENDANT WHO SIMPLY SEEK'S JUSTICE. THE STATE AND RESPONDENT HAVE MADE THEIR BED, AND NOW MUST LAY IN IT. RESPONDENT IS A MASTER OF TWISTING THE TRUTH, AND CONSTRUES THE LAW AND RULES TO HIS LIKING'S AS THEY DID WITH PETITIONER'S COURT RECORD, WHEN THEY DECIDED TO THROW AWAY THE ENTIRE ORIGINAL FILE, AND THEN RECONSTRUCT IT TO THEIR LIKING, WITHOUT PETITIONER PARTICIPATING IN THE PROCESS TO ASSURE ALL FILING'S WERE MADE APART OF THE RECORD TO GUARANTEE PETITIONER A FAIR AND FULL REVIEW OF HIS ISSUE'S BY NOT ONLY THE UNWILLING STATE COURT, BUT THE FEDERAL COURT AS WELL. THIS IS ONLY A FRACTION OF THE TAWDRY, AND CHEAP TRICKS THE STATE HAS PLAYED IN THIS MATTER, AND APPARENTLY CONTINUE IN THIS

HAVE NO PLANS OF DISCONTINUING THEIR PRACTICES ANY TIME SOON. RESPONDENTS ARGUMENT IS MISPLACED. PETITIONER FILED HIS P.C.H.A. IN 1987, AND HAD EVERY RIGHT TO EXPECT STRICT COMPLIANCE OF THE RULES BY RESPONDENT. CAN YOU BLAME A 17 YEAR OLD KID WHO THE RESPONDENT FAILED TO EVEN LEGALLY CERTIFY AS AN ADULT, AND THEN SENT PETITIONER TO A STATE PRISON FOR A MISDEMEANOR. THE SAME CRIME, THAT THE RESPONDENT TOLD OUR SUPREME COURT WAS OF SUCH A MINOR NATURE, THAT IT WAS NOT USED AGAINST PETITIONER DURING HIS SENTENCING IN THE INSTANT MATTER. RESPONDENT ADMITTEDLY BRINGS THIS COURTS ATTENTION TO 28 U.S.C.2244(d)(1)(A), WHICH PROVIDES:

> "(2) THE TIME DURING WHICH A PROPERLY FILED APPLICATION FOR STATE POST-CONVICTION OR OTHER COLLATERAL RELIEF WITH RESPECT TO THE PERTINENT JUDGMENT IS PENDING SHALL NOT BE COUNTED TOWARD ANY PERIOD OF LIMITATION UNDER THIS SUB-SECTION."
> OF LIMITATION UNDER THIS SUB-SECTION."

RESPONDENT FEELS THAT IT IS ALRIGHT TO CLAIM EVERYONE ELSE IS VIOLATING THE RULES, BUT YET DOESN'T ADHERE OR ACKNOWLEDGE THE RULES THEMSELVES. PETITIONER FILED HIS P.C.H.A. BELIEVING THAT HE WOULD RECEIVE THE HEARING HE WAS TOLD THE STATE WOULD PROVIDE IN 1987. PETITIONER IS STILL WAITING! THE STATE NOW AFTER REALIZING THEY HAVE BEEN EXPOSED NOW WANT'S THE FEDERAL COURT TO GO ALONG WITH THE COMMONWEALTH V. AHLBORN DECISION, WHICH MAKES ALL CONVICTION'S FINAL ONCE THE MAXIMUM TERM EXPIRES. IF THAT WAS THE CASE THEN WHY HAVE FEDERAL OR STATE LAW? RESPONDENTS ARE GUILTY OF RUNNING OUT THE CLOCK, AND IN FACT IT IS THE RESPONDENT WHO HAS "SELF DESTRUCTED" AND NOT PETITIONER OR HIS ABILITY IN ATTACKING A CONVICTION WHICH WAS OBTAINED IN VIOLATION OF HIS CONSTITUTIONAL

3

CONSTITUTIONALLY PROTECTED RIGHT'S. THE STATE IS GUILTY OF PLACING P.C.R.A. PETITION'S ON THE "BACK BURNER" ESPECIALLY THE PETITION THAT HAS MERIT. THINK ABOUT IT? IF A DEFENDANT WAS CONVICTED OF A CRIME THAT HE DURING HIS TRIAL NUMEROUS ERROR'S OCCUR THE STATE ATTITUDE IS SIMPLE. IF THE DEFENDANT IS DOING A SENTENCE LESS THAN LIFE RUN OUT THE CLOCK, EXHAUST THE PETITIONER AND NOT THE ISSUES PRESENTED. ONCE THE MAXIMUM TERM EXPIRE'S THE PERSON IS OUT OF COURT! WHAT THIS MEANS IS THAT THE ONLY DEFENDANT'S WHO HAVE A CHANCE AT P.C.R.A. REVIEW BY THE STATE COURT IS A DEFENDANT SENTENCED TO LIFE. WHAT THE STATE FAIL'S TO REALIZE IS THAT THE AHLBORN DECISION SHOULD NOT BE USED AS A VINDICTIVE TOOL IN SLAMMING THE DOOR SHUT ON PERSON'S WHO CAN PROVE THEIR INNOCENCE BY COMPELLING EVIDENCE, WHICH APPEARS TO BE THE CASE HERE. DESPITE THE FACT THAT RESPONDENT WAS PRESENT DURING TESTIMONY OF THE ACTUAL ASSAILANT OF THE CRIME FOR WHICH PETITIONER WAS INNOCENTLY SENT TO STATE PRISON, AND REMOVED FROM HIGH SCHOOL, AND AWAY FROM HIS FAMILY AND FRIEND'S, AND ADMIT TO THE ASSAULT, THEY STILL REFUSE TO REMOVE THE SIMPLE ASSAULT FROM PETITIONER'S RECORD. THE RESPONDENT CAN NOT HAVE IT BOTH WAY'S. THEY CAN NOT PUT A PETITION ON THE "BACK BURNER" BECAUSE THEY WEIGH THE CHANCES OF SUCCESS PRIOR TO HEARING, AND THEN WHEN THAT PETITIONER HAS NO OTHER STATE REMEDY ASK THE FEDERAL COURT TO DISMISS PETITIONER'S HABEAS ON TIMELINESS GROUNDS. THE FACT IS THAT RESPONDENTS SHOOT THEMSELF IN THE FOOT, AND IN THEIR OWN MEMORANDUM PROVIDE THE LAW, AND ARGUMENT THAT IF ONE DID NOT KNOW WOULD THINK HE IS IN STATE COURT. RESPONDENT CAN NOT REASONABLY EXPECT TO DICTATE WHAT FEDERAL REVIEW WILL OR CAN BE?

RESPONDENT MAKES ISSUE OF WHAT THE JUST, SPEEDY, AND INEXPENSIVE DETERMINATION OF THIS MATTER SHOULD BE? THIS IS HUMOROUS, ESPECIALLY COMMING FROM THE "MASTER'S OF PACIFICATION." THE TRUE JUST, SPEEDY AND INEXPENSIVE DETERMINATION OF THIS MATTER SHOULD HAVE HAPPENED IN STATE COURT ALMOST (19) YEAR'S AGO, AND WHEN THAT DID NOT OCCUR THE NEXT CHANCE WOULD HAVE BEEN DURING THE TIMELY FILED P.C.R.A., AND WHEN (7) YEAR'S PASSED WITH NO ACTION TAKEN THE CASE PROCEEDED TO FEDERAL COURT, AND DESPITE DURING THE EVIDENTIARY HEARING WHEN THE TRUE ASSAILANT TESTIFIED HE IN FACT COMMITTED THE ASSAULT AND NOT PETITIONER, THIS WAS STILL NOT ENOUGH TO COMPEL THE RESPONDENT TO RELIEVE PETITIONER OF THIS ILLEGALLY OBTAINED CONVICTION. RESPONDENT DECIDED TO FURTHER THIS MATTER INTO THE THIRD CIRCUIT, AND THEN ON TO OUR U.S. SUPREME COURT. WERE THEY CONCERNED ABOUT A JUST, SPEEDY, AND INEXPENSIVE DETERMINATION THEN? NO, BECAUSE THE ISSUE RAISED BY THE ATTORNEY WAS NOT ON POINT, AND DID NOT RISE TO A FEDERAL CLAIM, BUT NOW THAT PETITIONER RAISES ISSUE'S SUCH AS ACTUAL INNOCENCE, AND GIDEON VIOLATION'S FOR THE FIRST TIME, AND SAID ISSUE'S HAVE MERIT RESPONDENT CRIES TIMELINESS. RESPONDENT ALSO TELLS THIS COURT THAT PETITIONER'S P.C.R.A. "SELF DESTRUCT'S", AND THAT JUST BECAUSE A P.C.R.A. IS TIMELY FILED, BUT SIT IDLE FOR CLOSE TO (2) DECADES AFTER THE MAXIMUM TERM EXPIRE'S, THAT THE P.C.R.A. IS CONSIDERED "DEAD". RESPONDENT IS ONCE AGAIN LYING TO THIS COURT, THEY ONLY WANT THIS COURT TO BELIEVE THAT THE P.C.R.A. IS ONLY "PHYSICALLY" IN THE FILE BUT IT'S NON-EXISTENT, PETITIONER RESPECTFULLY CHALLENGES THIS COURT TO ASK RESPONDENT JUST HOW NON-EXISTENT 86-CR-645 WOULD BE IN THE EVENT PETITIONER WAS SENTENCED BY ANY COURT IN THE FUTURE, AND THE RESPONSE WOULD BE

" 86 CR. 645 WILL BE RESURRECTED FROM THE DEAD, AND HAVE FULL FORCE, AND EFFECT."

RESPONDENTS HAVE STATED ON NUMEROUS OCCASIONS THAT THEY WILL "CROSS THAT BRIDGE WHEN THEY GET TO IT" BUT THEY NEVER SEEM TO GET TO THAT BRIDGE, BUT IF THIS HONORABLE COURT CAN SEE THROUGH THE DOUBLE TALK, AND NONSENSE ARGUMENT THE RESPONDENT WILL FINALLY NOT ONLY REACH THE BRIDGE, BUT ALSO FORCED TO CROSS IT. RESPONDENT HAS HID BEHIND AHLBORN, AND CRY FINALITY, BUT NO CASE IS EVER FINAL WHEN PETITIONER WAS CONVICTED WRONGFULLY, AND SAID CONVICTION WAS IN VIOLATION OF PETITIONER'S CONSTITUTIONAL RIGHT'S. PETITIONER HAS MADE A SIMPLE CLAIM OF INNOCENCE, AND RESPONDENTS KNOW BETTER THAN ANYONE THAT PETITIONER IS INNOCENT, THIS IS THE SOLE REASON FOR TRYING TO HAVE THE PETITION DISMISSED. IF RESPONDENT IS JURISDICTIONALLY BARRED FROM GRANTING RELIEF THEN THEY SHOULD RECOGNIZE PETITIONER'S INNOCENCE, AND WELCOME A FEDERAL COURT REVIEW, AND DETERMINATION SO THIS ILLEGALLY OBTAINED CONVICTION CAN BE REMOVED FROM AN INNOCENT MAN'S MEMORY. JURISDICTION DID NOT MATTER IN THE COM V. TED SCHMIDT CASE, A SCRANTON POLICE OFFICER WHO AT HIS OWN WHIM DECIDED TO CHALLENGE HIS CONVICTION YEAR'S LATTER WHEN HE COULD NOT LIVE WITH THE ADVERSE AFFECTS FLOWING FROM THAT CONVICTION. IS THIS FAIR TO PETITIONER WHO FILED HIS P.C.H.A. PETITION TIMELY, BUT NOW THE SAME RESPONDENT CLAIM'S JURISDICTION? I KNOW ALL ABOUT THE SWITCH, AND THE FAVORTISM EXTENDED TO THE DEFENDANT'S WHO ARE CONNECTED, SUCH AS SCHMIDT. JUST BECAUSE THE STATE, AND RESPONDENTS SAY THAT STATE REVIEW OF STATE VIOLATION'S END WHEN THE TIME IN CUSTODY END'S, THAT HAS NOTHING TO DO WITH PETITIONER'S CONSTITUTIONAL CLAIM'S RAISED FOR THE FIRST TIME.

IN FEDERAL COURT. RESPONDENT CLAIMS THAT PETITIONER SHOULD HAVE FILED HIS HABEAS PETITION IN (1990), THAT IS NOT ONLY RIDICULOUS, BUT ALSO IMPOSSIBLE. PETITIONER'S ACTUAL INNOCENCE CLAIM IS RAISED BASED ON THE TESTIMONY OF GEORGE FRIETTO DURING THE EVIDENTIARY HEARING HELD ON APRIL 20, 1998, WHICH IS (8) YEAR'S LATER. PETITIONER RECEIVED THE U.S. SUPREME COURT DECISION IN OR AROUND APRIL 2001, AND REALIZING THAT THE STATE P.C.R.A. WAS STILL PENDING PETITIONER RELIED UPON 28 U.S.C. 2244(d)(1)(A) (2) AND FILED HIS HABEAS CORPUS RAISING THE GIDEON AND OTHER FIRST TIME ISSUE'S, AND DURING THE PERIOD THAT THE HABEAS CORPUS WAS PLACED ON ADMINISTRATIVE CLOSURE STATUS WHILE THE P.C.R.A. WAS STILL BEING DECIDED PETITIONER PREPARED HIS AMENDED PETITION. RESPONDENT STATES THAT THE PETITION WAS NON-EXISTENT EVEN THOUGH IT WENT UNDECIDED, AND IN PENDING STATUS FOR OVER (18) YEAR'S. IF RESPONDENT BELIEVED WHAT HE WAS SAYING THEN WHY DID HE, AND THE STATE COURT JUDGE HOLD AN EVIDENTIARY HEARING IN MAY OF 2004? ONCE AGAIN RESPONDENT WANT'S IT BOTH WAY'S, TO CLAIM TO THIS COURT THAT P.C.R.A. IS BASED ON ELIGIBILITY, AND JURISDICTION, BUT YET RESPONDENT WANT'S TO PICK AND CHOOSE WHAT DEFENDANT'S ARE WORTHY OF THE ELIGIBILITY AND JURISDICTIONAL STATUS.
RESPONDENT BY PARTICIPATING, AND ENTERTAINING PETITIONER'S P.C.R.A.(18) YEAR'S LATER, AND (16) YEARS AFTER MAXIMUM TERM EXPIRED HAS INDEED "SELF DESTRUCTED", AND HAS FOREVER WAIVED ASSERTING ANY TIMELINESS CLAIM THAT PETITIONER DID NOT TIMELY FILE HIS FEDERAL HABEAS CORPUS WHEN IN FACT RESPONDENT AND THE STATE WENT AGAINST THERE OWN AHLBORN HOLDING AND ALLOWED JURISDICTION, AND ELIGIBILITY FOR PETITIONER WHEN THEY RULED, AND DECIDED HIS P.C.R.A. IN MAY OF 2004. IF THE P.C.R.A. WAS NOT

IN PENDING STATUS, THEN WHY WAS THERE A HEARING, AND A RULING DENYING SAID P.C.R.A.? IF PETITIONER DID NOT MEET THE ELIGIBILITY, AND JURISDICTION REQUIREMENTS THEN A HEARING WOULD NOT HAVE BEEN HELD, AND COUNSEL NOT APPOINTED. RESPONDENT WAIVED ANY TIME BAR CLAIM, AND CAN NOT NOW CLAIM A PETITION WAS NOT PENDING BUT YET A HEARING WAS HELD, AND SAID RULING IN FACT PROVED PETITIONER'S GIDEON CLAIM WHEN STATE COURT JUDGE RULED THAT APPOINTED COUNSEL WHO DID NOTHING WAS TO BLAME AND NOT THE DIST. ATTY. ONCE THIS HONORABLE COURT DETERMINES THAT RESPONDENT FAILED TO DISCLOSE THAT THEY IN FACT ENTERTAINED PETITIONER'S P.C.R.A. IN MAY OF 2004, BUT DECIDED TO CONCEAL THAT FACT FROM THIS COURT, AND CLAIM PETITION WAS IN NOT PENDING STATUS THEN CLEARLY PETITONER'S TIME FOR FILING HABEAS CHALLENGE SHOULD RUN FROM THE DATE OF THE P.C.R.A. BEING DISPOSED OF AND NOT FROM THE DATE RESPONDENT CLAIM'S Of (1990). AND, FURTHER RULE THAT PETITIONER'S AMENDED PETITION IS ALSO TIMELY FROM THE DATE OF DENIAL OF P.C.R.A. RULING TO THE DATE OF AMENDED PETITION WAS (4) MONTHS. RESPONDENT HAS ATTEMPTED TO TWIST FACT'S AND INTENTIONALLY LEAVE OUT VITAL FACT'S, THIS HONORABLE COURT CAN NOT ALLOW FOR RESPONDENT TO TURN ON AND OFF THE SWICH OF ELIGIBILITY AND JURISDICTION, BUT MORE IMPOTANTLY THIS COURT SHOULD HOLD RESPONDENT TO THEIR DECISION'S AND RULING'S, THEY MAY NOT HAVE INTENTIOANALLY BESTOWED THE HONOR OF ELIGIBILITY AND JURISDICTION UPON ME, BUT DID SO INADVERTANTLY DID SO, BUT THE FACT REMAIN'S THAT EVERYTHING RESPONDENT RAISED IN THEIR SUPPLEMENTAL MEMORANDUM IS NOW IN SUPPORT OF PETITIONER, AND CLEARLY IS AGAINST RESPONDENT. RESPONDENT FAILED TO REALIZE THAT THE MAY 2004 REVIEW, AND DECISION OF PETITIONER'S P.C.R.A. IN

FACT PLACED PETITIONER'S P.C.R.A. IN THE REQUIRED "PENDING" STATUS, AND RESPONDENT'S STATED 28 U.S.C.(d)(1)(A) (2) APPLIES TO PETITIONER WHERE THE TIME DURING WHICH A PROPERLY FILED APPLICATION FOR STATE POST CONVICTION OR OTHER COLLATERAL RELIEF WITH RESPECT TO THE PERTINENT JUDGMENT IS PENDING SHALL NOT BE COUNTED TOWARD ANY PERIOD OF LIMITATION UNDER THIS SUB-SECTION. IT DOES NOT MATTER, IF REVIEW WAS BY MISTAKE RESPONDENT CAN NOT NOW TAKE IT BACK, GOD WORKS IN MYSTERIOUS WAY'S, AND THIS IS ONE OF THEM, RESPONDENT SHOULD BE DEALT WITH FOR WASTING THIS COURT'S TIME, BUT AT THE SAME TIME HAVE THE GULL TO ASK FOR THIS MATTER TO BE JUSTLY, EXPEDITIOUSLY, AND INEXPENSIVELY DISMISSED BY FURTHER VIOLATING PETITIONER'S RIGHT'S. THE ONLY JUST, SPEEDY, AND INEXPENSIVE DETERMINATION IN DEALING WITH THIS MATTER IS FOR THIS HONORABLE COURT TO DETERMINE THAT P.C.R.A. WAS RULED ON IN MAY 2004, AND THAT IF RESPONDENT'S WELL PLEADED SUPPLEMENTAL MEMORANDUM WAS BELIEVED BY RESPONDENT THEN RESPONDENT SHOULD HAVE ABSOLUTELY NO PROBLEM UNDERSTANDING THAT ONCE THE DECISION WAS MADE TO ENTERTAIN A PETITION THAT THAT PETITION WAS PRESUMED TO BE IN A PENDING STATUS, AND THE TIME IN WHCIH TO FILE FEDERAL HABEAS CORPUS CAN ONLY BE COUNTED FROM THE DATE OF DENIAL OF PETITION.
MAKING PETITIONER'S HABEAS CORPUS TIMELY FILED, AND ONCE THAT IS DETERMINED THEN LOOK INTO PETITIONER'S INNONCENCE CLAIM WHICH WOULD BE FOR THIS COURT TO REVIEW THE EVIDENTIARY TRANSCRIPT OF APRIL 20, 1998 THE HONORABLE JUDGE VANASKIE PRESIDED.
ONCE RESPONDENT REALIZES THAT PETITIONER'S HABEAS CORPUS IS TIMELY FILED AND THE ACTUAL INNOCENCE CLAIM IS A FIRST TIME ISSUE, AND THAT THE TRANSCRIPT OF TESTIMONY IS REVIEWED AND

PETITIONER'S INNOCENCE IS ACKNOWLEDGED, THEN PERHAP'S RESPONDENT WILL CONCUR WITH A DISMISSAL OF THAT CASE, SEEING IS BELIEVING, AND IT IS OBVIOUS THAT RESPONDENT WAS PLANNING ON USING THIS CASE AGAINST PETITIONER ADVERSELY FOR THE REST OF HIS LIFE. RESPONDENT WILL NOT BE ABLE TO EXPLAIN HOW THEY ASK TO FILE A SUPPLEMENTAL MEMORANDUM, AND CLAIM THAT IT WAS PETITIONER WHO "SELF DESTRUCTED", BUT YET IN FACT IT WAS RESPONDENT WHO "SELF DESTRUCTED" IN MAY OF 2004 WHEN RESPONDENT AND THE STATE ENTERTAINED PETITIONER'S P.C.R.A., WHICH PLACED IT IN THE REQUIRED "PENDING STATUS." RESPONDENT IN FACT MADE THE CASE FOR PETITIONER, AND IF THIS WAS NOT THE CASE RESPONDENT WOULD HAVE NEVER ENTERTAINED THE SO CALLED NON-EXISTENT PETITION. THE DOOR WAS OPENED, AND PETITIONER WALKED THROUGH, RESPONDENT CAN NOT NOW CLAIM HE WAS IGNORANT TO THE SAME LAW HE PROCLAIMS TO BE WELL VERSED IN.

CONCLUSION

THIS HONORABLE COURT SHOULD REVERSE MAGISTRATE JUDGE BLEWITT'S DECISION ALLOWING A SUPPLEMENTAL MEMORANDUM OF LAW, WHEN AFTER CONSIDERING RESPONDENT'S NON-DISCLOSURE OF ENTERTAINING PETITIONER'S P.C.R.A. WHICH IS CLEARLY A WAIVER OF ASSERTING ANY TIMELINESS CLAIM, PETITIONER RESPECTFULLY REQUEST'S THAT RESPONDENT RESPONDENT'S CLAIM THAT PETITIONER WAS NOT CANDID IN HIS "YES" ANSWER TO QUESTION #11, BE DISMISSED OR ALLOW FOR PETITIONER TO AMEND HIS ANSWER TO FULLY EXPLAIN ANSWER, RESPONDENT ALREADY WOULD HAVE KNOWN, ALSO TO DISMISS RESPONDENT'S REQUEST TO HAVE PETITIONER'S PETITION DISMISSED AS

MELY                              10

UNTIMELY, AND TO DENY ANY OTHER RELIEF RESPONDENT REQUESTED. PETITIONER RESPECTFULLY REQUESTS THAT THIS HONORABLE COURT LOOK INTO THE TESTIMONY OF THE TRUE ACTOR OF THIS CRIME IN WHICH PETITIONER SERVED THE TIME FOR, AND TO HOLD RESPONDENT TO THEIR CLAIM OF BEING CONCERNED ABOUT A JUST, SPEEDY, AND INEXPENSIVE DETERMINATION IN THIS MATTER. PETITIONER IS TRULY INNOCENT, AND ONLY WANT'S THIS CONVICTION REMOVED FROM HIS RECORD. PETITIONER HAS NO OTHER REMEDY AVAILABLE TO HIM, AND REQUEST'S THAT THIS MATTER IS RESOLVED IN THE MANNER DESCRIBED BY RESPONDENT LESS THE DISMISSAL.

RESPECTFULLY SUBMITTED, DECEMBER 9, 2004

EDWARD COSS, CB-5970

CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT ON DECEMBER 12, 2004  I SERVED A COPY OF THE FOLLOWING PETITIONER'S RESPONSE TO RESPONDENT'S SUPPLEMENTAL MEMORANDUM OF LAW

UPON RESPONDENT

WILLIAM P. O'MALLEY

ASST. DIST, ATTY.

LACKA. CO. COURTHOUSE

SCRANTON, PA 18503

EDWARD COSS

DECEMBER 12, 2004

EDWARD COSS
CB-5970
SCI SMITHFIELD
1120 PIKE ST.
HUNTINGDON, PA. 16652

CLERK
U.S.D.C.
UNITED STATES COURTHOUSE
228 WALNUT STREET
P.O. BOX 983
HARRISBURG, PA.17108

RE:EDWARD COSS V. JAMES P. MORGAN, et al., CV-1:-01-00878

DEAR CLERK:

PLEASE FIND ENCLOSED PETITIONER'S RESPONSE, AND SUPPLEMENTAL RESPONSE TO RESPONDENTS SUPPLEMENTAL MEMORANDUM. PLEASE FILE THE SAME FOR THE COURT CONSIDERATION, AND KINDLY RETURN A COPY TIME STAMPED FOR MY FILES.

THANKING YOU IN ADVANCE.

SINCERELY,
[signature]
EDWARD COSS

EDWARD COSS
CB5970
SCI Smithfield
1120 Pike ST
~~Shankleyum PA~~
Huntingdon, PA
16652

Inmate Mail
PA Dept Of
Corrections

OFFICE OF THE Cle.
UNITED STATES DIST.
MIDDLE DIST OF Penn
U.S. Courthouse
228 Walnut ST
PO Box 983
Harrisburg, PA