IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
|  | : | CIVIL ACTION NO. **1:01-CV-00878** |
| EDWARD R. COSS, JR., | : |  |
|  | : |  |
| Petitioner, | : | (Judge Caldwell) |
|  | : |  |
|  | : | (Magistrate Judge Blewitt) |
| v. | : |  |
|  | : |  |
| JAMES P. MORGAN, et al., | : |  |
|  | : |  |
| Respondents | : |  |

## <u>REPLY BRIEF OF RESPONDENTS</u>

This Reply Brief of Respondents is addressed to *Petitioner's Response to Respondents' Supplemental Memorandum of Law* (Petitioner's *Response*) and most particularly to *Petitioner's Supplemental Response to Respondents' Supplemental Memorandum* (Petitioner's *Supplemental Response*) and the documents appended to the latter.

Respondents' Reply Brief is filed pursuant to <u>L.R. 7.7</u>.

## <u>Supporting Argument</u>

Petitioner's *Response* as well as Petitioner's *Supplemental Response* both appear to insinuate that in or about the month of May, 2004, the Commonwealth undertook in state court to initiate some kind of "revival" of Mr. Coss' PCRA

petition and obtained a ruling, favorable to the Commonwealth.  The result of such

endeavors, according to Coss' contentions, is that these respondents, implicitly,

(through the Commonwealth's recognition of the "pendency" of Coss' PCRA

petition) have forfeited any right to contend that Coss' federal habeas petition is

untimely.

Coss' insinuations grow explicit beginning near the bottom of page 1 of the

*Supplemental Response* where he states:

> "THIS HONORABLE COURT . . . [CAN] . . . ONLY BE CONCERNED WITH THE
> FACT'S [SIC] A REVIEW OF THE P.C.R.A. DID IN FACT OCCUR, AND THAT
> RESPONDENTS TRIED TO GET AROUND THAT FACT BY NOT DISCLOSING IT
> TO THE COURT.  A REVIEW OF PETITIONER'S P.C.R.A. BY THE LOWER STATE
> COURT IS FINAL AND THEREFORE PETITIONER MET BOTH ELIGIBILITY, AND
> JURISDICTION REQUIREMENTS."

Coss' efforts to articulate his contention continue on pages 2 and 3 of his

*Supplemental Response* with the following:

> "LET'S FACE IT PETITIONER'S APPEAL'S [sic] HAVE [not?] BEEN A MIRAGE, . .
> . RESPONDENT CANNOT GO BACK AND TURN OFF THE FAVORITISM
> SWITCH.  SOMEONE LEFT THE SWITCH ON IN MAY 2004, THE P.C.R.A. WAS
> RULED ON AND JURISDICTION WAS ASSUMED, AND ELIGIBILITY GRANTED.
> RESPONDENT'S [sic] WAIVED THE CHANCE TO CLAIM 'AHLBORN' A
> DETERMINATION WAS RENDERED.  RESPONDENT WANTED THEIR CAKE
> AND EAT IT TOO, IT DOESN'T WORK THAT WAY, AND RESPONDENTS
> SHOULD BE HELD TO THEIR DECISIONS AND RULINGS. . . .
>
>     *     *     *
>
> ". . . RESPONDENT CAN NOT TAKE BACK WHAT THEY GAVE IN MAY OF 2004,
> A REVIEW OF A P.C.R.A. [which] THEY CLAIM NOW WAS NON-EXISTENT, AND

2

SELF DESTRUCTED, AND THEREFORE NOT PENDING. . .

          *             *             *

". . . THAT MAY 21, 2004 ORDER IS REAL ENOUGH.  THE BOTTOM LINE IS IF 'AHLBORN' WAS TO BE UTILIZED FULLY THEN ABSOLUTELY 'NO' REVIEW COULD BE MADE.

          *             *             *

". . . RESPONDENT AND THE STATE MADE THE REVIEW OF PETITIONER'S P.C.R.A., AND SHOULD NOW HAVE TO LIVE WITH THE WAIVER OF ANY CLAIM TO TIMELINESS.  FURTHERMORE, SAID REVIEW, AND DENIAL OF PETITIONER'S P.C.R.A., IN MAY, 2004, IS WHEN THE TIME TO FILE HABEAS CORPUS WOULD RUN FROM, SINCE PETITIONER'S P.C.R.A. WAS LEGALLY PENDING UNTIL DECISION WAS RENDERED IN MAY OF 2004. . . .

          *             *             *

". . . THEREFORE PETITIONER'S TIME TO FILE HIS HABEAS RUN'S [sic] FROM THAT DECISION OF MAY 2004, AND NOT (1990) AS RESPONDENTS CLAIM."

As if to fortify his assertions that the state trial court "denied" his PCRA petition and therefore, implicitly, recognized a valid and continuing 'pendency' of that PCRA petition, Mr. Coss has appended a four-page Appeal Docket Sheet of the Superior Court to his *Supplemental Response*.  However, nothing in the Superior Court's docket sheets fortifies Mr. Coss' argument.

That which actually occurred in the state trial court utterly contradicts the contentions that Mr. Coss voices, not only in his *Supplemental Response*, but in his earlier *Response* as well.  The state trial court docket , a copy of which is included in a separate *APPENDIX OF DOCUMENTS* which accompanies this *Reply Brief of Respondents*, together with copies of all documents actually filed in the state trial

court between July of 1991 and December of 2004 should persuade that the facts are not as Mr. Coss suggests.

As will be further detailed in later argument, the accompanying *Appendix* indicates that the state trial court did not "deny" Coss' PCRA petition as Coss suggests; the state trial court <u>dismissed</u> Coss' PCRA petition; and in the context of present argument the distinction between denial and dismissal is a distinction of genuine significance.

Denial of a PCRA petition presupposes that the petition was considered on its merits. The accompanying *Appendix* leaves no room for Coss' contention that Judge Cottone considered Coss' PCRA petition on the merits; Judge Cottone quite plainly *dismissed* Coss' PCRA petition based upon his finding that Coss ". . . is no longer eligible for any post conviction relief."

Although threshold issues such as jurisdiction are generally decided at much earlier stages of most cases, jurisdiction can be inquired into on a court's own initiative and the courts of Pennsylvania may undertake such inquiry at <u>any</u> time. <u>McCutcheon v. Philadelphia Elec. Co.</u>, 567 Pa. 470, 788 A.2d 345 (2002) (A court's jurisdiction is a threshold issue that the court may consider on its own motion and at any time). The Pennsylvania rule on such matters is almost identical to the rule which prevails in the federal courts. <u>U.S. ex rel Vance v. Westinghouse</u>

4

Elec. Corp., 363 F.Supp. 1038 (W.D.Pa. 1973) (Question of court's jurisdiction over subject matter can be raised at any time and may even be raised by court on its own motion).

It is not suggested that when Judge Cottone initiated the actions (as disclosed by the accompanying *Appendix*) which culminated in his Order dated May 21, 2004, that he consciously embarked on a test of the PCRA court's jurisdiction, but the documents filed in Coss' state court case subsequent to August 11, 2003 plainly point to the conclusion that the state court's lack of PCRA jurisdiction was the only real basis for Judge Cottone's Order dated May 21, 2004.

The accompanying *Appendix* contains not only the state court docket but also the documents listed below which were filed in state court on the dates indicated:

> The State Court Docket, consisting of three pages.
> [this docket does not disclose any action having been taken by Mr. Coss during the period between June 12, 1987 and April 14, 2004 to further the pendency of PCRA jurisdiction.]

> 7-12-94    *Application for Order Mandating Clerk of Courts, And/or Court Stenographer, to Furnish Court Records and Transcribed Notes of Testimony* was filed by James Coss, petitioner's brother.

> 7-19-94    *Order* entered by Judge Cottone granted the foregoing application with the proviso that James Coss would be obliged to pay the cost for the requested documents.

3-2-95      *Motion For Transcripts of All Proceedings* was filed, pro se, by petitioner seeking essentially the same documents sought by his brother's earlier motion, but without payment of any charges. However, although this motion made specific express reference to Judge Cottone, no copy of the motion was provided to Judge Cottone; instead, the certificate of service shows service of the motion, by hand delivery, upon Judge James M. Munley.

8-11-03      *Order*, entered by Judge Cottone which, among other things, appointed new counsel for Mr. Coss and gave notice that ". . . a hearing on the defendant's petition for post conviction relief will be held on Friday, September 26, 2003 at 10:00 a.m."

3-17-04      *Order*, entered by Judge Cottone, upon express "consideration of the *annexed Motion of the Commonwealth to Dismiss PCRA Proceedings*, as filed before me" issued a rule to show cause directing Mr. Coss to show cause why the annexed motion of the Commonwealth should not be granted; rule returnable before April 1, 2004, hearing scheduled on April 14, 2004.

                     [In the *Motion* annexed to that *Order*, the Commonwealth contended (then as now) that the PCRA proceedings should be <u>dismissed</u> for the reason that Coss no longer satisfied the "in custody" eligibility requirements of the PCRA statute and that "in the absence of statutory authority the Court is not otherwise empowered to grant postconviction relief."]

4-14-04      A letter from Petitioner was filed requesting that the hearing set for April 14, 2004 be rescheduled.

4-14-04      *Order* entered rescheduling the hearing from April 14, 2004 to May 20, 2004.

5-21-04      *Order* entered, <u>dismissing</u> Mr. Coss' PCRA petition.

6-14-04      *Notice of Appeal* to Superior Court filed, pro se, by Coss.

6-28-04        Superior Court Docket Pages filed.  [These appear to be the same papers which Coss filed in this Court as part of his *Supplemental Response*]

8-30-04        *Superior Court Order* filed, directing that the appeal proceed as a counselled appeal.

12-2-04        *Notice of Discontinuance of Appeal* from Superior Court filed.

From these documents it readily can be seen that although Judge Cottone may not have set out, in his sua sponte Order dated August 11, 2003 to conduct a test of the PCRA court's jurisdiction, the documents filed in Coss' state court case subsequent to August 11, 2003 plainly point, as earlier has been noted, to the conclusion that the state court's lack of PCRA jurisdiction was the real and <u>only</u> basis for Judge Cottone's Order dated May 21, 2004.

Nothing in the state court records or elsewhere support Coss' contention that the Commonwealth or the Respondents waived anything.  The Commonwealth has consistently insisted, here and in the state court, that in the absence of statutory authorization (the eligibility provisions of the PCRA statute) the state courts are powerless to award any PCRA relief.

Nothing in the state court records or elsewhere support Coss' contentions, quoted earlier in this reply brief, to the effect that the state court *denied* Coss' PCRA petition (as distinguished from *dismissing* such petition) following a

consideration "on the merits" so as to support Coss' argument that his entitlement to PCRA relief did not "self destruct." Nor does anything in the state court records or elsewhere support Coss' request, set forth in the third through seventh lines of the *Conclusion* appearing on page 3 of his *Supplemental Response*, that this Court:

> ". . . MAKE A PRELIMINARY DETERMINATION, THAT RESPONDENT REVIEWED, AND DECIDED PETITIONER'S P.C.R.A., AND THEREFORE IT IS FROM THE DATE OF THE DECISION OF THE LOWER COURT [MAY 21, 2004] THAT WOULD START THE TIME IN WHICH PETITIONER HAD TO FILE HIS HABEAS CORPUS PETITION."

Because Coss, from and after the year 1990 or thereabouts, was no longer eligible for any post conviction relief, Judge Cottone was, we continue to contend, jurisdictionally precluded, in 2004, from reaching the merits of Coss' PCRA petition. Based upon the arguments concerning jurisdiction advanced by Respondents in earlier briefs filed herein, it should be clear that Judge Cottone's only legally authorized course of action concerning Coss' PCRA petitions was dismissal; a dismissal implicitly grounded upon the state court's lack of jurisdiction to award PCRA relief to a "no-longer-eligible" PCRA petitioner. The final paragraphs of Judge Cottone's Order dated May 21, 2004 leave scant "wriggle-room" for any contention to the contrary:

8

"Although at the time the Defendant's post conviction petition was filed, the Defendant was in custody and was then serving sentences of imprisonment that satisfied the eligibility requirements, he is no longer in custody nor on probation or parole for the crimes, his sentences having been fully served they expired.  Therefore, the defendant does not satisfy any of the eligibility requirements set forth in 42 Pa.C.S.A. (a)(1). [sic]

Now, this __21ˢᵗ__ day of May, 2004, the Defendant's Post Conviction Relief petition is hereby dismissed."

Although Judge Cottone did not make an express finding that the statutory

"eligibility" requirements of the PCRA are jurisdictional requirements (and it seems

remarkable[1] that in no known decision–reported or unreported–has any

---

[1] The "remarkability" of the course which respondents here suggest: that a United States District Court should make a first-instance determination (in the absence of any clear-cut Pennsylvania decision on the point), that the "eligibility" requirements of the Pennsylvania Post Conviction Relief Act are *jurisdictional* requirements, is no less than what Judge McClure found remarkable in Blasi v. Attorney General of the Commonwealth of Pennsylvania, 120 F.Supp.2d 451 (M.D.Pa. 2000) *appeal denied* 275 F.3d 33 (3d Cir. Pa. 2001) *cert. denied* 535 U.S. 987, 122 S.Ct. 1540, 152 L.Ed.2d 466 (2002).

In his *Blasi* opinion, Judge McClure (after first noting that "[o]n May 9, 2000, the [Supreme] Court [of Pennsylvania] issued an order stating that a petition for allocatur is not necessary for exhaustion prior to commencing habeas proceedings.") made his observation concerning the remarkability of such action by a state court:

"At first blush it would seem odd that a state court might dictate to a federal court the interpretation of a federal statute.  After all, the statute provides that a writ may not issue unless 'the applicant has exhausted the remedies available in the courts of the state..." 28 U.S.C. § 2254(b)(1)(A)." *Id.*, 120 F.Supp.2d at 465

Continuing with his careful analysis, Judge McClure further reached the following holding:

". . . [W]e believe that we are bound to hold, and we do hold, that the order of the Supreme Court of Pennsylvania waives the exhaustion doctrine insofar as the doctrine requires a petitioner to present claims to the Supreme Court of Pennsylvania in a petition for allocatur prior to presenting them in federal court.

(continued...)

9

Pennsylvania court made such a finding), this Court does have the power to make

such a determination.  Importantly in this case, and if resolution of the pivotal

question of timeliness is to be based upon a proper foundation, it would seem to be

a matter of plain logic that this Court is *obliged* to come squarely to grips with the

jurisdictional nature of the "eligibility" requirements of Pennsylvania's Post

Conviction Relief Act.

    This Court is urged to utilize a logical analysis equivalent to that utilized by

Judge McClure in *Blasi*, supra, and thereupon to determine, to find and to announce

(as a matter of possible first impression) that the statutory "eligibility" requirements

of the PCRA indeed <u>are</u> jurisdictional requirements.  Such a finding would seem a

necessary predicate to a further ruling by this Court that from the time Coss'

sentences had been fully served and expired Coss' PCRA petition could no longer

be considered as "pending" and his federal habeas petition, if it was to have been

---

[1](...continued)
"In reaching this conclusion we must express great reservation about this holding, both as a matter of reading *O'Sullivan* [v. Boerckel, 526 U.S. 838, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999)] and as a matter of policy."  *Id*., 120 F.Supp.2d at 466.

What respondents are presently urging the Court to do in Coss' case is not fraught with the reservation that confronted Judge McClure either from his ". . .reading [of] *O'Sullivan* [or] as a matter of policy."  Neither any state court decision nor any matter of policy inhibits this court from declaring, perhaps as a matter of first impression, that the "eligibility" requirements of Pennsylvania's PCRA are *jurisdictional* requirements which, if not continuing to be present, can cause a once-valid PCRA petition to become no longer "pending;" to "self destruct."

10

timely, would have had to have been filed within one year from that date.

## Conclusion

Your Honor should conclude and recommend a finding and determination that the statutory "eligibility" requirements of the PCRA indeed are jurisdictional requirements; and thereupon to utilize such conclusion as a predicate for the further recommendation for a ruling and order by the Court that from the time Coss' sentences had been fully served and expired Coss' PCRA petition could no longer be considered as "pending."   Finally, and because Coss' instant federal habeas corpus petition was not filed within one year from the date that Coss' PCRA petition could no longer be considered as "pending" (because of the fact that the sentences imposed upon Coss in state court case 86-CR-645 had been fully served and expired) the Court is urged to rule that Coss' instant federal habeas corpus petition must be dismissed as untimely.

Respectfully submitted, January 6, 2005

  s/ *William P. O'Malley*
William P. O'Malley ,Atty. I.D. # 58520
Assistant District Attorney
Lackawanna County Courthouse
200 N. Washington Avenue
Scranton, PA  18503
(570) 963-67167

## Certificate of Service

I hereby certify that on January 6, 2005, I served a copy of the foregoing **Reply Brief** upon Petitioner,

> Mr. Edward R. Coss  #CB5970
> SCI Dallas
> 1000 Follies Road
> Dallas, PA 18612

by prepaid first class U.S. Mail,

   s/ *William P. O'Malley*
William P. O'Malley
Assistant District Attorney
