FILED
HARRISBURG, PA

JAN 24 2005

_____, CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

EDWARD COSS,  :  CIVIL NO. 1:01-CV-00878
    PETITIONER  :
V.  :  (JUDGE CALDWELL)
JAMES P. MORGAN, et al.,  :  (MAGISTRATE JUDGE BLEWITT)
    RESPONDENT  :

## PETITIONERS RESPONSE TO RESPONDENTS REPLY BRIEF

THIS REPLY OF THE RESPONDENTS AND REQUEST FOR ADDITIONAL TIME SHOULD PROVE AT LEAST ONE POINT PETITIONER HAS MADE CONSISTENTLY, THE RESPONDENT IS ABOUT WASTING TIME AND MONEY. PETITIONERS TIME, AND THE TAX PAYERS MONEY. DOES RESPONDENT REALLY BELIEVE THAT THIS WORLD NEEDS HIM OR ANY STATE COURT OFFICIAL WHO IS CAUGHT IN THEIR "WEB OF DECEIT" TO INTERPRET FEDERAL STATUTE TO A FEDERAL OFFICIAL? THIS RESPONDENT HAS THE BENEFIT OF A COMPUTER, AND ACCESS TO FILES, AND THE OTHER STATE COURT ACTORS INVOLVED IN THIS MISCARRIAGE OF JUSTICE. HIS ATTEMPTS TO DILUTE, AND SOME HOW MAKE THIS MATTER MAGICALLY DISAPPEAR ARE COMING TO AN END, AND IT MUST FEEL EQUALLY FRUSTRATING TO RESPONDENT AS IT DID PETITIONER TO LIVE WITH A CASE THAT JUST SEEMS LIKE IT WON'T GO AWAY. THE PROBLEM RESPONDENT IS HAVING IS THE FACT THAT HE FAILS TO REALIZE THAT THE TIME CAME AND WENT FOR THE STATE TO NOT ONLY DECIDE PETITIONERS P.C.R.A. "ON THE MERITS" BUT ALSO FOR RESPONDENT TO GRANT ANY RELIEF THAT PETITIONER IS RIGHTFULLY OWED. RESPONDENT AND THE STATE PLAY A GAME ONCE THEY CONVICT A PERSON IT IS CALLED "A DASH TO FINALITY" THIS RESPONDENT AND THE STATE COURT OFFICIALS WHO PARTICIPATED IN THIS CONVICTION OF AN INNOCENT PERSON ALL HIDE BEHIND "AHLBORN.

AND THIS IS FINE. RESPONDENT THROUGHOUT HIS BRIEF INSIST THAT THE STATE DOES NOT HAVE JURISDICTION TO GRANT ANY RELIEF ONCE A CASE OR THE MAXIMUM TERM EXPIRES, AND THE DEFENDANT IS NO LONGER IN CUSTODY. IN FACT, THE "AHLBORN" CASE THAT IS USED AS A SHIELD BY SO MANY STATE OFFICIALS IN AN ATTEMPT TO EVADE REVIEW OF CASES THAT THEY KNOW FOR SO MANY YEARS FORCED THEM TO HOLD THEIR BREATHE WAITING FOR THAT DAY THE MAXIMUM TERM EXPIRES SO THEY CAN SAY "TIMES UP", AND NOW NO ONE WILL KNOW ABOUT OUR INTENTIONAL BAD ACTS, CAME YEARS AFTER PETITIONER WAS CONVICTED FOR THE 1986 OFFENSE. IF IT TOOK RESPONDENT FROM 1987 TO 2004, TO FIGURE OUT WHAT HE TRIED "ARTICULATING" IN HIS RESPONSE THEN THIS HONORABLE COURT WILL HAVE NO PROBLEM REALIZING THAT PETITIONER IS EITHER THE MASTER OF ALL PROCRASTINATORS OR HE IS GETTING PAID BY THE HOUR, AND HE IS ATTEMPTING TO MAKE PETITIONERS CASE A LIFE LONG PAY DAY, AT THE TAX PAYERS EXPENSE. PETITIONER WILL NOW SHORT CIRCUIT RESPONDENTS NONSENSE ARGUMENT AND "INTERPRET" SOME FEDERAL STATUTE, AND CASE LAW FOR HIM TO CONSIDER, WHICH SHOULD ALLOW FOR THIS RESPONDENT TO STOP BORING EVERYONE WHO IS JUST TRYING TO RESOLVE THIS MATTER IN A REAL JUST, INEXPENSIVE AND EXPIDITIOUS MANNER, WITHOUT ALL THE STATE COURT "JURISDICTIONAL" HASH. RESPONDENT ADMITTEDLY CLAIMS THEY HAVE NO JURISDICTION, AND THEY CAN'T OFFER ANY RELIEF. NOT THAT PETITIONER ISN'T OWED ANY, BUT JUST THAT THE DOOR IS SHUT IN STATE COURT AND PETITIONER IS ON THE OUTSIDE OF IT. WHAT RESPONDENT FAILS TO REALIZE IS THAT PETITIONER IS NOT HIS FOOL OR ANYONES FOOL, HE KNOWS WHEN TO COME IN OUT OF THE RAIN. JUST BECAUSE THE STATE REFUSES ACCESS DOES NOT MEAN PETITIONER CAN NOT DEMONSTATE BY COMPELLING EVIDENCE HIS "ACTUAL INNOCENCE" TO A FEDERAL COURT AT ANYTIME.

## LEGAL FACTS

THIS RESPONDENT IS NOT ONLY THE MASTER OF PROCRASTINATION, BUT ALSO HOLDS NUMEROUS OTHER TITLES TO HIS CREDIT, SUCH AS THE MASTER OF DISGUISE, THE MASTER OF DECEIT, THE MASTER OF SELECTIVE OPPOSITION, THE MASTER OF MIND GAMES, AND HE DOES HIS BEST WORK ON PAPER, AND BEHIND THE SCENES. HIS ARGUMENTS ARE PASTED TOGETHER OFF THE COMPUTER, AND "PIECEMAILS" HIS FILINGS TO LET THE COURT KNOW HE IS GOING TO DO WHAT HE WANTS, AND WHEN HE WANTS, AND WHEN THERE IS NOTHING TO SAY INSTEAD OF SAYING NOTHING HE DRAWS UP A DRAFT, AND COMES UP WITH SOME OUTRAGEOUS STORY HOW IT TOOK A MONTH AND A HALF FOR A COURT TO SEND BACK A RECORD, OR THE ONE WHERE HE SAYS THAT THE "CLERK" DID IT IS ALWAYS A GOOD ONE , OR HOW ABOUT THE ONE WHERE HE CLAIMED THE FEDERAL CLERK FORGOT THE ADDRESS TO THE DIST. ATTY. OFFICE, AND MOST RECENTLY THE CLERK SERVED THE ATTY. GENERAL OF PA THE ONE ORDER OF DECEMBER 30, 2004, REGARDING BAIL, BUT THE MORE SIGNIFICANT ORDER TO SHOW CAUSE WAS NEVER MENTIONED. I CAN'T WAIT UNTIL THE NEXT EXCUSE IS OFFERED THERE SO AMUSING. AS FAR AS BEING A MASTER OF DISGUISE, RESPONDENT ONLY FOOLS HIMSELF, HE THINKS HE'S SKIRTING AROUND THE REAL ISSUE, AND THAT PETITIONER NOR THIS HONORABLE COURT HAVE ANY CLUE, BUT WHAT HE IS DOING IS TRYING TO HAVE THIS CASE DECIDED IN A FEDERAL COURT AS THOUGH STATE STATUTE MEANS SOMETHING OR IS CONTROLLING. RESPONDENT AND THE STATE ARE LIKE K-MART, THEY WANT YOU TO SHOP IN THEIR STORE REGARDLESS IF THEY HAVE WHAT YOU WANT OR NEED, BUT AT NO TIME DO THEY WANT YOU TO GO ACROSS THE STREET TO WALMART BECAUSE THEY KNOW ITS A DIFFERENT KIND OF BALL GAME ONE WHERE THE PLAYING FIELD IS ALWAYS LEVEL. THE STATES GRADE (Z) SYSTEM IS THEN EXPOSED, AND WHO IN THERE

RIGHT MIND AFTER BEING TREATED LIKE PETITIONER HAS BEEN TREATED COULD EVER RESPECT A COURT THAT CONVICTS A PERSON BY WITHHOLDING EVIDENCE, AND WITNESSES, AND THEN WATCH PETITIONER SERVE THE TIME FOR TWO OTHER INDIVIDUALS CRIMES AND THEN CRY AHLBORN. MAYBE IF RESPONDENT AND THE STATE HAD SOME TYPE OF MECHINISM IN PLACE THAT WOULD ALLOW FOR AHLBORN TO BE SET ASIDE IN CASES WHERE A DEFENDANT EVEN AFTER THE MAXIMUM TERM EXPIRES COULD HAVE THE CHANCE TO PROVE HIS "ACTUAL INNOCENCE" BY COMPELLING EVIDENCE SO MANY PEOPLE WOULD NOT HAVE TO SEEK FEDERAL ASSISTANCE. WHAT THIS CASE NEEDS IS A GOOD REFEREE, AND NOT A JUDGE BECAUSE RESPONDENT IS USE TO PLAYING GAMES AND KNOWS NOTHING ABOUT THE JUSTICE SYSTEM BECAUSE IF HE DID HE WOULD ALLOW HIMSELF TO HAVE "A MOMENT OF CLARITY" AND REALIZE PETITIONER IS AN INNOCENT PERSON, AND FOR ONCE PLACE HIMSELF IN PETITIONERS SHOES INSTEAD OF ALWAYS TRYING TO SAVE THE PERSON DIRECTLY RESPONSIBLE FOR PETITIONERS WRONGFUL CONVICTION, HE WOULD EITHER SEEK THE TRUTH AND RESOLVE THIS MATTER IN STATE COURT, AND IF THAT CAN NOT HAPPEN, THEN AT LEAST WISH PETITIONER THE BEST OF LUCK IN A COURT THAT DOES HAVE THE INHERENT POWER TO GRANT PETITIONER THE RELIEF RESPONDENT ADMITS HE IS BARRED FROM DOING. HERE IS WHAT RESPONDENT FAILED TO REALIZE ALL ALONG AND ONCE HE FIGURES IT OUT MAYBE THE PING-PONG GAME CAN END, AND THIS CASE CAN PROCEED TO A COURTROOM AND FINALLY BE RESOLVED.

## ACTUAL INNOCENCE

THERE IS NO TIME BAR, PROCEDURAL DEFAULT CLAIM, ABUSE OF WRIT, SUCCESSIVE PETITION, ARGUMENT THAT RESPONDENT CAN MAKE THAT DISALLOWS OR PREVENTS A FEDERAL COURT FROM ADJUDICATING FOR THE FIRST TIME THE FEDERAL CONSTITUTIONAL CLAIM OF A DEFENDANT WHO IN

4

THE ABSENCE OF SUCH AN ADJUDICATION WILL BE THE VICTIM OF A MISCARRIAGE OF JUSTICE. JUSTICE REHNQUIST WROTE THOSE WORDS FOR THE MAJORITY IN WAINWRIGHT V. SYKES, 433 U.S. 72,91,97 S.CT. 2497, 53 L.ED 2d 594 (1977) I AGREE, BUT IN THIS CASE PETITIONER IF NOT ALLOWED FOR THE FIRST TIME TO HAVE HIS ACTUAL INNOCENCE CLAIM REVIEWED BY A FEDERAL COURT IT WOULD NOT BE FOR THE FIRST TIME A MISCARRIAGE OF JUST BUT IN FACT PETITIONER SECOND. IN APPROPRIATE CASES, [THE PRINCIPALS OF COMITY AND FINALITY] MUST YIELD TO THE IMPERATIVE OF CORRECTING A FUNDAMENTALLY UNJUST INCARCERATION." ENGLE V. ISAAC, 456 U.S. 107,135, 102 S.CT. 1558, 71 L.ED 2d 783 (1982) THIS IS ONE OF THOSE APPROPRIATE CASES. IN MURRAY V. CARRIER, 477 U.S. 478, 106 S.CT. 2678, 91 L.ED 2d 397 (1986), ("WE REMAIN CONFIDENT THAT, FOR THE MOST PART, 'VICTIMS OF A FUNDAMENTAL MISCARRIAGE OF JUSTICE WILL MEET THE CAUSE-AND PREJUDICE STANDARD'...BUT WE DO NOT PRETEND THAT THIS WILL ALWAYS BE TRUE. ACCORDINGLY, WE THINK THAT IN AN EXTRAORDINARY CASE, WHERE A CONSTITUTIONAL VIOLATION HAS PROBABLY RESULTED IN THE CONVICTION OF ONE WHO IS ACTUALLY INNOCENT A FEDERAL HABEAS CORPUS COURT MAY GRANT THE WRIT EVEN IN THE ABSENCE OF A SHOWING OF CAUSE FOR THE PROCEDURAL DEFAULT,"JUSTICE STEVENS WROTE, "ALTHOUGH A CONSTITUTIONAL CLAIM THAT MAY ESTABLISH INNOCENCE IS "CLEARLY" THE MOST COMPELLING CASE FOR HABEAS REVIEW, IT IS BY NO MEANS THE ONLY TYPE OF CONSTITUTIONAL CLAIMTHAT IMPLICATES 'FUNDAMENTAL FAIRNESS' AND THAT COMPELS REVIEW REGARDLESS OF POSSIBLE PROCEDURAL DEFAULTS." THIS CASE IS TRULY EXTRAORDINARY IN MANY REGARDS, AND THE ONE THAT SHOULD STICK OUT IN THIS COURTS MIND IS THE FACT THAT PETITIONER HAS ALREADY PROVEN HIS INNOCENCE TO THIS HONORABLE COURT, AND PREJUDICE ALREADY DETERMINED. IN FACT HOW MUCH MORE COMPELLING EVIDENCE IS NEEDED WHEN THE TRUE

ASSAILANT OF A CRIME TAKES THE STAND AND SAYS "I DID IT" AND NOT ONLY THAT BUT HIS TESTIMONY MATCHES ALL OTHER WITNESSES WHO WERE NEVER CALLED TO TESTIFY AT PETITIONERS TRIAL, THE CONSTITUTIONAL VIOLATION HAS ALREADY BEEN DETERMINED, AND NEVER OVERRULED BY THE SUPREME COURT UNTIL THIS SECOND AS I TYPE THE ONLY THING THAT PREVENTS PETITIONER FROM THE RELIEF HE SO RIGHTFULLY DESERVES IS THE STATE COURTS LACK OF JURIDICTION, AND WHEN THESE FACTS ARE ALREADY KNOWN AND PETITIONERS INNOCENCE HAS BEEN ACKNOWLEDGED THIS COURT CAN NOT AFFORD TO ALLOW RESPONDENT TO PARADIGMATIC WAYS AND TAKE US ALL ON A JOURNEY, AND KEEP THIS CASE FROM BEING DECIDED ON THE REAL, AND ONLY ISSUE OF ACTUAL INNOCENCE. THE INJUSTICE OF PETITIONERS WRONGFUL CONVICTION WILL NEVER BE MITIGATED BY THE PASSAGE OF TIME, AND UNTIL THIS HONORABLE COURT REVIEWS PETITIONERS CLAIMS OF INNOCENCE, AND THE COMPELLING EVIDENCE THEN THIS CASE WILL NEVER BE FINAL. AHLBORN MAKES IT IMPOSSIBLE FOR A DEFENDANT CONVICTED IN STATE COURT TO ATTACK A CONVICTION AFTER THE MAXIMUMTERM EXPIRES, BUT ONE WOULD THINK THAT THE DOOR SHOULD SWING BOTH WAYS. WITHOUT THE FEDERAL REVIEW AND DETERMINATION OF THIS MATTER THIS COURT WILL INVITE RESPONDENT AND THE STATE TO NOT ONLY CONTINUING THEIR PRACTICES OF WRONGLY CONVICTING DEFENDANTS, BUT ALSO INVITE RESPONDENT TO USE THIS CASE AGINST DEFENDANT FOR THE REST OF HIS LIFE. IF AHLBORN PREVENTS A STATE DEFENDANT FROM COLLATERALLY ATTACKING A CONVICTION THAT IS FINAL THEN THE STATE SHOULD ALSO BE PRECLUDED FROM USING THE SAME OFFENSE AS A PRIOR RECORD SCORE IN SUBSEQUENT SENTENCINGS. THE RESPONDENT HAS A NAME "ONE WAY" AND THIS IS HOW THEY LIKE THE RULINGS TO FLOW. IN BRITZ V. COWAN, 192 F.3d 1101,1103 (7th CIR. 1999) THAT COURT RULED "WAIVER WILL BE FORGIVEN...IF THE PETITIONER CAN SHOW THAT HE WAS ACTUALLY

AND NOT MERELY LEGALLY INNOCENT OF THE CRIMINAL CHARGES AGAINST HIM" RESPONDENT LIVES FOR THE DAY, AND DOES NOT CONSIDER FOR EVEN A SECOND HOW THE STATE COURT SYSTEMS INTEGRITY, AND OVERALL REPUTATION IS BEING TARNISHED BY ALLOWING THIS TYPE OF CASE TO GO UNDECIDED. THE PUBLIC HAS AND WILL CONTINUE TO FOLLOW THIS MATTER, AND WONDER WHY A RESPONDENT WHO CLAIMED TO HAVE NO INTEREST IN A CASE ONCE THE TERM IS SERVED, BUT YET IS FIGHTING "TOOTH AND NAIL" TO MAKE SURE THIS CASE IN NOT REVIEWED BY THIS HONORABLE COURT. WHAT RESPONDENT HAS TRIGGERED IS YET ANOTHER DELAY, PETITIONER WILL SEEK TO WITHDRAW HIS HABEAS CORPUS PETITION, AND FILE AND ALL NEW PETITION, AND RAISE FOR THE FIRST TIME HIS ACTUAL INNOCENCE, AND GIDEON VIOLATION CLAIMS. THESE ARE CLAIMS WHICH FOR THE FIRST TIME BE BEFORE THE COURT, AND IN FACT THIS IS PETITIONERS FIRST WRIT CHALLENGING THE 1986 STATE COURT CONVICTION. THIS HONORABLE COURT WAS RIGHT WHEN DECIDING PETITIONERS REQUEST TO STAY THIS PROCEEDING WHILE HE REQUESTS PERMISSION TO FILE A SUCCESSIVE PETITION, THE HABEAS CORPUS FILED IN 1994-1481 WAS AN ATTACK ON PETITIONERS 1989 ASSAULT SENTENCE, AND NOT AN ATTACK SOLELY ON THE 1986 CONVICTION. RESPONDENT CLAIMED THAT THEY WERE INTERESTED IN A JUST, INEXPENSIVE, AND EXPIDITOUS RULING IN THIS CASE, AND NOW THEY WILL GET THEIR WISH. PETITIONERS ACTUAL INNOCENCE HAS ALREADY BEEN RECOGNIZED BY THE THIRD CIRCUIT COURT OF APPEALS, AND THE RELIEF WAS GRANTED WHEN RESPONDENT FAILED TO APPEAL THAT ASPECT OF THE THIRD CIRCUIT DECISION TO THE SUPREME COURT HE KEPT THE DOOR OPEN, AND NOW PETITIONER IS GOING TO USE THAT RULING AND DECISION AS THE ARGUMENT FOR HIS NEW AND FIRST HABEAS CORPUS CLAIM OF ACTUAL INNOCENCE. GEORGE FRIETTO COMMITTED THE ASSAULT, AND PETITIONER DID THE TIME IT IS NOW THE TIME TO REMOVE THIS ILLEGALLY OBTAINED CONVICTION OFF PETITIONERS RECORD.

7

THIS HONORABLE COURT MUST DECIDE WILL RESPONDENT BE ONCE AGAIN SUCCESSFUL AT DELAY, AND PETITIONER BE FORCED TO RE-SUBMIT HIS HABEAS CORPUS ADDING JUST THE ACTUAL INNOCENCE CLAIM, OR WILL THIS HONORABLE COURT DECIDE THAT PETITIONERS AMENDED PETITION RAISING THE ACTUAL INNOCENCE BE ADEQUATE TO TRIGGER A REVIEW OF THAT CLAIM SOLELY? THIS HONORABLE COURT HAS THE BENEFIT OF NOT ONLY THE EVIDENTIARY HEARING TRANSCRIPT OF APRIL 20, 1998, BUT ALSO THE THIRD CIRCUIT RULING, AND DETERMINATION THAT IF IT WAS NOT FOR THE LAWYER NOT CALLING WITNESSES, AND IF SHE INVESTIGATED THE CASE FRIETTO WOULD HAVE BEEN CALLED TO TESTIFY, ALSO IF THE LAWYER DID HER JOB PETITIONER WOULD NOT HAVE BEEN CONVICTED OF ASSAULTING THE POLICE OFFICER. RESPONDENT MUST REALIZE THAT FEDERAL COURTS ARE NOT BOUND BY STATE PROCEDURAL RULES, AND THAT CLAIMS OF ACTUAL INNOCENCE WHICH CAN BE SHOWN BY COMPELLING EVIDENCE THEN FEDERAL COURTS ARE NOT GOING TO TURN AWAY PETITIONER WHO HAS NO OTHER REMEDY, JUST BECAUSE RESPONDENT SAYS HE IS NOT ALLOWED TO GRANT RELIEF. WHATEVER THE STATE OF PENNSYLAVANIA MOTIVATION WAS FOR NOT ALLOWING COLLATERAL ATTACKS AFTER SENTENCE IS SERVED RESULTING IN THEIR HANDS BEING TIED TO UNDUE THE WRONG THEY HAVE COMMITTED ON AN INNOCENT MAN IS MERELY OPTIONAL. PETITIONER IS NOT LIKED BY RESPONDENT SO THEY CLAIM AHLBORN, BUT IF I WAS TED SCHMIDT OR SOMEONE THEY WANT TO ASSIST THEN AHLBORN IS IGNORED, AND IF PETITIONER CAN PROVE THIS BY SHOWING THAT MR. SCHMIDT DID NOT EVEN HAVE A PETITION PENDING NEVER MIND A LATE OR UNTIMELY ONE, BUT YET THE RESPONDENT USED HIS SELECTIVE OPPOSITION DEGREE, AND DID NOT RAISE JURISDICTION CONCERNS OR AHLBORN IN THAT MATTER.

## CONCLUSION

YOUR HONOR SHOULD CONCLUDE AND RECOMMEND A FINDING AND DETERMINATION THAT IN LIGHT OF PETITIONERS PLANS OF REFILING AN ALL NEW EXCLUSIVE PETITION FOR WRIT OF HABEAS CORPUS, AND WILL GROUND HIS CLAIMS TO JUST ACTUAL INNOCENCE, AND POSSIBLY A GIDEON VIOLATION, THAT RESPONDENTS REPLY, AND ANYTHING FILED IN THIS MATTER BY BOTH PARTIES SHOULD BE VOID. BECAUSE PETITIONERS ACTUAL INNOCENCE AND GIDEON CLAIMS ARE "FIRST TIME" CLAIMS NOTHING THAT RESPONDENT HAS FILED IN THIS MATTER THUS FAR, WOULD BE HELPFUL OR IN ANY WAY COULD BE USED TO PURSUADE THIS HONORABLE COURT TO NOT REVIEW PETITIONERS FIRST TIME CLAIM OF "ACTUAL INNOCENCE". CASE LAW IS AMPLE, AND A REVIEW MUST OCCUR REGARDLESS OF RESPONDENT'S PROCEDURAL DEFAULT, AND TIMELINESS CLAIMS, AND IN RECENT RESPONSES HIS CLAIMS THAT PETITIONER HAS ABUSED THE WRIT, AND THAT THE INSTANT FILING IS CONSIDERED A SUCCESSIVE PETITION ALL OF WHICH ARE EITHER UNTRUE OR HOLD NO WATER. THIS HONORABLE COURT SHOULD NOT BE BOUND BY STATE COURT PROCEDURAL RULES, ESPECIALLY WHEN IT COMES TO PETITIONERS ACTUAL INNOCENCE OF A CRIME THAT NOT ONLY RESPONDENT KNOWS PETITIONER IS INNOCENT OF, BUT THIS COURT AS WELL CONSIDERING THE FACT IT WAS THIS COURT WHERE THE TRUE ASSAILANT GEORGE FRIETTO TOOK THE WITNESS STAND AND ADMITTED TO TH CRIME. THIS HONORABLE COURT IS WELL AWARE OF PETITIONERS INNOCENCE AND SHOULD DETERMINE IF PETITIONER SHOULD REFILE THE WRIT OR IS THE AMENDED PETITION ALREADY PENDING THAT CLEARLY STATES ACTUAL INNOCENCE AMPLE ENOUGH TO CAUSE THIS COURT TO RULE THAT THE CLAIM MUST BE REVIEWED? PETITIONER WILL WAIT FOR THIS COURTS DECISION.

RESPECTFULLY SUBMITTED,

EDWARD COSS                    1/19/05

**NAME** Eddie Coss

**NUMBER** CB5970

State Correctional Institution at Smithfield
P.O. Box 999, 1120 Pike Street
Huntingdon, PA 16652

Inmate Mail
PA Dept Of
Corections

$ 00.83°  JAN 20 2005
MAILED FROM ZIP CODE 16652

Office of the Clerk
United States Dist Court
United States Courthouse
228 Walnut St., Po Box 983
Harrisburg, PA 17108