FILED
SCRANTON

FEB - 3 2005

PER /s/ DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

EDWARD COSS,                           :    CV.NO. 1-01-00878
    PETITIONER                         :    (JUDGE CaldWELL)
  V.                                   :
JAMES P. MORGAN,                       :    (MAGISTRATE BLEWITT)
    RESPONDENT
: : : : : : : : : : :
:

### PETITIONERS SUPPLEMENTAL RESPONSE TO RESPNDENTS REPLY

PETITIONER, AFTER REVIEWING RESPONDENTS REPLY FOR THE (40) TIME COULD HARDLY BELIEVE THAT HE WAS ATTEMPTING TO ALLOW FOR THIS HONORABLE COURT TO USE FALSE INFORMATION ONCE AGAIN IN THEIR ATTEMPT TO GAIN UNFAIR ADVANTAGE WHEN THIS MATTER IS DECIDED. FOR THE RECORD RESPONDENT WRONFULLY MISREPRESENTS THE TRUE FACTS. THIS RESPONDENT BECAUSE HE WAS THE SAME INDIVIDUAL INVOLVED IN PETITIONERS HABEAS CORPUS OF 1994-1481, KNOWS FOR A FACT THAT THAT FILING WAS AN ATTACK AGAINST THE SENTENCE IN PETITIONERS 1989 ASSAULT ARREST, AND 1990, AND 1993 SUBSEQUENT SENTENCING. IT WAS A CLAIM THAT THE 1986 SIMPLE ASSAULT WAS USED TO ENHANCE PETITIONERS SENTENCE IN THE 1989 MATTER. IN FACT BECAUSE THE STATE P.C.R.A WAS PENDING FOR (7) YEARS JUST LIKE IN THE 1989 P.C.R.A. WHERE STATE COURT EXHAUSTION REQUIRMENTS WERE EXCUSED. SO HOW TODAY CAN THIS RESPONDENT TRY TO MISLEAD THIS COURT ON THE TRUE FACTS AND WHY THERE WAS NO ACTIVITY BY PETITIONER IN THE 1986 CASE FROM 1987 TO 2004? COULD IT POSSIBLY HAVE SOMETHING TO DO WITH THE FACT THAT IN THE 1986 CASE EXHAUSTION WAS EXCUSED, AND THERE WOULD BE NO NEED TO FILE ANYTHING IN THE STATE COURT.

IF STATE COURT EXHAUSTION REQUIREMENTS ARE EXCUSED THEN WHY WOULD THERE BE ANYTHING FILED IN STATE COURT, BUT MORE IMPORTANTLY IF THIS RESPONDENT WAS THE SAME INDIVIDUAL INVOLVED WITH THAT CASE WHILE PENDING IN FEDERAL COURT FROM 1994-2001, THEN WHY WOULD HE MISLEAD THIS COURT BY LYING AND SAYING THAT PETITIONER DID NOT DO ANYTHING FOR THOSE SAME YEARS? IF THIS COURT WOULD LOOK AT THE DECISION TO EXCUSE STATE COURT REMEDIES IT WILL NOTICE THAT THE "STATE" AND NOT DEFENDANT MUST BE THE ONE TO ADVANCE A DEFENDANTS APPEAL THROUGH THE COURT AND ARRANGE HEARINGS, SO IF THIS RESPONDENT UNDERSTANDS THAT RULING THEN AND DID NOT APPEAL THAT DECISION THEN WHY IS HE TRYING TO PRETEND NOW THAT IT IS THE DEFENDANT WHO MUST ADVANCE THE CASE? THE RECORD WAS VOID OF ANY ADAVNCEMENT BY THE STATE FROM 1987-1994, AND THAT IS WHY EXHAUSTION WAS EXCUSED, DID THEY THINK PETITIONER WAS IGNORANT ENOUGH NOT TO REALIZE THAT IF THE FEDERAL COURT RECOGNIZED A DELAY OF SEVEN YEARS IN THE 1986 CASE THEY WOULD NOT RECOGNIZE THE SAME DELAY IN THE 1989 CASE? THE ONLY THING THESE DELAYS PROVE IS THAT THEY ARE INTENTIONAL, AND OBVIOUSLY IF THE EXCUSE THAT DEFENDANT DID NOT ADVANCE HIS CAUSE THROUGH THE STATE COURT DID NOT WORK IN 1994 WHY WOULD RESPONDENT THINK BY RAISING THE SAME DEFENSE WOULD WORK TODAY? THE RECORD IN 1986 CASE IS SILENT FROM 1987-2001 BECAUSE THE CASE WAS BEING USED IN FEDERAL COURT AS AN ENHANCEMENT ARGUMENT BY PETITIONER. NOW PETITIONER WILL FILE HIS PETITION CHALLENGING THE SIMPLE ASSAULT CONVICTION SOLEY. WITH HIS FIRST TIME RAISED ACTUAL INNOCENCE CLAIM.

RESPECTFULLY SUBMITTED,

EDWARD COSS