IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EDWARD R. COSS, | : | CIVIL ACTION NO. **1:CV-01-0878** |
| Petitioner | : | (Judge Caldwell) |
| v. | : | (Magistrate Judge Blewitt) |
| JAMES P. MORGAN, et al., | : | |
| Respondents | : | |

## **REPORT AND RECOMMENDATION**

**I. Background.**

Petitioner, Edward R. Coss, filed the instant Habeas Corpus Petition on May 17, 2001, pursuant to 28 U.S.C. § 2254. (Doc. 1). Subsequently, the Court administratively closed this case without prejudice pursuant to Petitioner's request so that he could pursue his state court proceedings. (Doc.11). On July 1, 2004, the Petitioner requested that the Court re-open his case, and the Court entered an Order on July 15, 2004, granting this request. (Docs. 15 and 16). At the time of filing, Petitioner was incarcerated at the State Correctional Institution at Smithfield, Pennsylvania.

Petitioner is challenging his January 30, 1987, conviction and sentence in the Lackawanna County Court of Common Pleas ("LCCCP"). Petitioner was convicted of simple assault and institutional vandalism and indicates that he received an aggregate sentence of 1 year to 2 years imprisonment. (Doc. 1, p. 2).

Petitioner claims that he was denied effective assistance of counsel regarding his January 30, 1987, conviction at his trial, in his direct appeal and in his collateral appeal. (Doc. 1, p. 5). Petitioner also claims that the Lackawanna County District Attorney lacked subject matter jurisdiction over him since he was a juvenile at the time of the charged offenses (Criminal No. 1986 CR-645) and he was not certified as an adult despite being convicted as an adult in adult court. (Doc. 1, p. 6).

Petitioner has admittedly completely served his sentence which he is seeking to attack in this case. (Doc. 1, p. 5, ¶ 13. 3.).[1] In fact, the Petitioner has been released from confinement from all of his sentences and backtime from parole violations. (*See* Doc. 54, Civil No. 04-1847, M.D. Pa., *Coss v. Wynder*).[2]

Petitioner contends that despite having fully served his 1987 sentence, he is still suffering from adverse collateral consequences from this sentence. Petitioner states that "[t]his expired prior conviction was used in determining the risk and/or threat the Petitioner is of, and, at his Parole Hearing for his current confinement, to be considered for release." (Doc. 1, p. 5, ¶ 13. (e)). We construe Petitioner as claiming that his 1987 conviction was used to enhance his parole violation sentence which he seemingly was serving at the time he filed the instant Habeas Petition.[3]

---

[1]We use the actual page numbers of the Habeas Petition (Doc. 1), as opposed to the numbers indicated on the Petition, since they are not in proper numerical sequence.

[2]Petitioner presently resides in Carbondale, Pennsylvania. *See* Doc. 54, Civil No. 04-1847, M.D. Pa., *Coss v. Wynder*.

[3]As will be discussed, Petitioner's challenge to his 1987 conviction (in particular the assault conviction) insofar as he claims it was used to enhance his parole violation sentence

2

As stated, Petitioner is undisputedly not currently confined either as a result of the 1987 conviction or as a result of the parole violation hearing and ensuing respective sentences.[4]

The Petitioner filed an Amended Petition for Writ of Habeas Corpus with this Court pursuant to 28 U.S.C. § 2254, on September 30, 2004, challenging again his over eighteen-year- old January 30, 1987 conviction. **(Doc. 24)**. Petitioner claims in his Amended Petition that the state court violated his due process rights by failing to prove the requisite element of the vandalism crime with which he was charged and convicted (*i.e.,* proof of monetary loss). Petitioner also raises a claim of actual innocence due to the ineffectiveness of his trial counsel for failure to call various witnesses who would have testified that he was in a police car at the time that the officer in question was assaulted and which assault was the basis in part for his 1987 conviction. Petitioner acknowledges that his state sentence for his 1987 conviction has been completed, but contends that he has experienced adverse effects form the assault conviction and will continue to be subject to negative consequences from this conviction if it is not expunged from his record, such as the stigma flowing from being found to have assaulted a police officer and lack of employment opportunities. (Doc. 24, p. 1, ¶'s 1.-2.).[5]

---

based on a threat assessment, is moot since he is no longer in custody on the parole violation sentence.

[4]Respondents indicate that Petitioner's two-year January 30, 1987, sentence became final on March 2, 1987, and that two years after March 2, 1987, Petitioner had fully served his stated sentence. (Doc. 39, pp. 3-4, n.1).

[5]Petitioner indicates that, as a result of being convicted of assaulting a police officer, he "has been looked down on, and has experienced depression, and emotional duress over being denied employment and blackballed." (Doc. 24, p. 2, ¶ 4.).

3

Petitioner reasserts his original claim that the state court lacked jurisdiction over him, since he was not legally certified as an adult for the 1986 crimes and since he could not have been so certified for a misdemeanor. Hence, he claims that his case could not have been removed to adult court without the required hearing. Petitioner states that he has no state court remedy (direct or collateral) to attack the legality of his 1987 conviction, in part based on his claimed actual innocence, since he has fully served his state sentence for this conviction. (*Id*., p. 2, ¶'s 3.-4.). Petitioner reasserts that according to the state court, once he has fully served his sentence for his 1987 conviction, there is no state relief available for him, including his collateral (PCRA) appeal. (*Id*., p. 3, ¶ 7.). Petitioner, in his response to Respondents' Reply Brief (Doc. 46, p. 6) concedes that a Defendant convicted in state court cannot attack his conviction after the maximum sentence term expires. Indeed, in their Supplemental Brief, Respondents argue that once Petitioner had completely served his 1987 sentence, he was no longer eligible for post conviction relief under the former PCHA (now PCRA). (Doc. 39, p. 4, n. 1, p. 6). Respondents also argue that Petitioner is no longer in custody for purpose of a § 2254 habeas petition after he completed service of his two-year prison sentence imposed for his 1987 conviction. (*Id*.). We agree with both contentions of Respondents.[6]

---

[6]We shall discuss below Respondents' statute of limitations argument contained in their Supplemental Brief. (Doc. 39).

## II. Discussion.

*A. In Custody on 1987 Conviction*

Clearly Petitioner is not in custody on his 1987 conviction and he cannot attack it in its entirety. *See Coss v. Wynder*, 04-1847, April 12, 2005, Memorandum, p. 4. As the District Court stated in *Coss v. Wynder*, "[s]ince Petitioner is no longer serving his 1985 sentence [1987 sentence for present case], he cannot be consider[ed] "in custody" on that conviction for purpose of a § 2254 petition." *Citing Maleng v. Cook*, 490 U.S. 488, 492 (1989). *Id*. Thus, Petitioner cannot raise a separate challenge to his 1987 conviction. *Id*. at n. 3. Therefore, we shall recommend that Petitioner's stated claim 1. (Insufficiency of evidence claim regarding vandalism conviction) and claim 3. (Denial of due process regarding certification of Petitioner from juvenile court to adult court) of his Amended Petition, Doc. 24, p. 1, ¶ 1. & p. 2, ¶ 3., be dismissed. Petitioner's claims 2. & 4., raising a Sixth Amendment violation of his right to counsel and actual innocence regarding his 1987 assault conviction, may still be viable claims insofar as Petitioner contends that his 1987 assault conviction was used to enhance his parole violation sentence he was serving when he filed the instant Habeas Petition. *Id*., p. 4.

Thus, the issue turns to whether Petitioner can attack his 1987 conviction to the extent that he claims it was used to enhance his parole violation sentence. This was the sentence Petitioner was in custody on when he filed the present Habeas Petition. As mentioned, Petitioner is no longer in custody on the parole violation sentence, or on any sentence for that matter. (*See* Doc. 54, Civil No. 04-1847). In this regard, as stated, Petitioner claims a Sixth Amendment violation of his right to counsel and actual innocence of his 1987 police officer assault conviction, claims 2. & 4. (Doc.

24). However, Petitioner is now no longer serving his parole violation sentence that he was serving when he originally filed this Habeas Petition. Thus, the question arises as to whether Petitioner can still attack his 1987 conviction as it relates to the enhancement of his now fully served parole violation sentence.

Recently, the Third Circuit Court of Appeals in *Defoy v. McCullough*, 393 F.3d 439, 441-442 (3d Cir. 2005), stated as follows:

> A prisoner may seek federal habeas relief only if he is in custody in violation of the constitution or federal law. 28 U.S.C. § 2254(a). Moreover, a petition for habeas corpus relief generally becomes moot when a prisoner is released from custody before the court has addressed the merits of the petition. *Lane v. Williams*, 455 U.S. 624, 631 (1982). This general principle derives from the case or controversy requirement of Article II of the Constitution, which "subsists through all stages of federal judicial proceedings, trial and appellate . . . the parties must continue to have a personal stake in the outcome of the lawsuit." *Lewis v. Cont'l Bank Corp.,* 494 U.S. 472, 477-78 (1990) (internal citations and quotations omitted). In other words, throughout the litigation, the plaintiff "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Id.* at 477; *see also Maleng v. Cook*, 490 U.S. 488, 492 (1989) (holding that habeas petitioner does not remain "in custody" after the sentence imposed has fully expired merely because of the possibility that the prior conviction will be used to enhance sentences imposed for any subsequent crimes of which he is convicted); *United States v. Romera-Vilca*, 850 F.2d 177, 179 (3d Cir. 1988) (holding that prisoner's motion to vacate his conviction was not mooted when he was released from custody, where he faced potential deportation as a collateral consequence of conviction.

The *Defoy* Court also noted that there is a narrow exception to the general mootness rule, namely the collateral consequences doctrine. The Court explained:

6

> The doctrine of collateral consequences applies where a former prisoner can demonstrate he will suffer some collateral consequences if his conviction is allowed to stand. *See Carafas v. LaVallee*, 391 U.S. 234, 237-38 (1968); *Chong v. Dist. Dir., INS,* 264 F.3d 378, 384 (3d Cir. 2001). It is a petitioner's burden to demonstrate that collateral consequences exist to avoid having a case dismissed as moot. *United States v. Kissinger*, 309 F.3d 179, 181 (3d Cir. 2002). The Supreme Court has held that the length of a term of supervised release cannot be reduced "by reason of excess time served in prison." *United States v. Johnson*, 529 U.S. 53, 60 (2000). Requiring DeFoy to admit his guilt after having consistently denied it may have the collateral consequences of his being indicted for perjury. Therefore, even if DeFoy had already been released from prison, the collateral consequences doctrine would prevent the issue from being moot.

*Id*. at 442, n. 3.

In our case, Petitioner does not claim as collateral consequences of his 1987 conviction that it will be used to enhance any further sentence that he currently serving or still is facing in the future. As stated above, Petitioner must demonstrate, as it is his burden to do so, that he is still threatened with "an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *See Maleng v. Cook*, 490 at 492. The mentioned collateral consequences which Petitioner raises in this case are that he will be stigmatized, looked down upon, depressed, "blackballed," and be denied employment. (Doc. 24, ¶'s 2. & 4.).[7] Petitioner does not demonstrate any of the alleged collateral consequences through evidence. (Docs. 40, 41, 46 & 47). The Petitioner argues that the state should not be allowed from using his 1987 conviction

---

[7]Petitioner also indicates that his 1987 conviction may be used to enhance a future sentence if he is again convicted someday. (Doc. 40, pp. 5-6). However, we find the possibility of a future conviction and sentence of Petitioner to be too speculative to constitute a collateral consequence of his 1987 conviction. This assumption by Petitioner is particularly based on conjecture, since he does not indicate that he is currently facing any criminal charges.

to increase his prior record score in any subsequent future sentencing. (Doc. 46, p. 6). Petitioner seemingly contends that this possibility of a future sentence enhancement may serve as a collateral consequence of his 1987 conviction. As stated, Petitioner is no longer serving any sentence, and he is not in custody for any of his convictions. Petitioner does not indicate that he is currently under indictment for any crimes. As the Court held in *Maleng*, 490 U.S. at 492, a "habeas petitioner does not remain 'in custody' after the sentence imposed has fully expired merely because of the possibility that the prior conviction will be used to enhance sentences imposed for any subsequent crimes of which he [Petitioner] is convicted." *Defoy*, 393 F.3d at 441-442. In fact, it is not claimed by Petitioner that he still faces any sentences for any crimes subsequent to his 1987 conviction. The alleged use of the 1987 conviction as an enhancement for a subsequent sentence (either for the 1990 conviction or for parole violation sentence) is now moot, since both of these sentences have been fully completed.[8] Based upon the collateral consequences doctrine and Petitioner's claimed collateral consequences resulting from his 1987 conviction, we find that Petitioner's release from prison on all of his sentences renders the remaining issues in this case (Claims 2. & 4., Doc. 24) as moot. Since Petitioner has now been released from all custody, we find that the present Habeas Corpus Petition is moot and should be dismissed. (Doc. 54, Civil No. 40-1847).

---

[8] Petitioner stated in his 04-1847 habeas petition that his maximum sentence on his adult charges (1990 conviction) was to expire on March 14, 2005. (Civil No. 40-1847, Doc. 1 at p. 7 & p. 4). On March 21, 2005, Petitioner indicated in this case that he was released from confinement. (*Id.* at Doc. 54).

In *Spencer v. Kemna*, 523 U.S. 1 (1998), the Supreme Court found that a petitioner's release in and of itself did not render moot his habeas petition. Rather, the Court stated that "[t]he more substantial question ... is whether petitioner's subsequent release caused the petition to be moot because it no longer presented a case or controversy under Article III, § 2, of the Constitution." *Id*. at 7. In the present case, Petitioner sought habeas relief, in part, claiming that he is actually innocent of the 1987 assault conviction on a police officer and that his Sixth Amendment right to counsel was violated by counsel's failure to call witnesses to testify that Petitioner did not commit the assault. Petitioner claimed that, despite having fully served his state sentence for the 1987 conviction, he was subjected to collateral consequences from this conviction. The claimed sentence enhancement collateral consequence from the 1987 conviction, as discussed, is now moot as Petitioner is no longer serving any sentence.

The question arises now as to whether Petitioner's remaining claims are moot since he is no longer being detained and is no longer in custody. In *Spencer*, the Court stated that "[t]he parties must continue to have a personal stake in the outcome of the lawsuit. This means that, throughout the litigation, the Plaintiff must have suffered, or be threatened with, an actual injury traceable to the Defendant and likely to be redressed by a favorable judicial decision." *Id*. (Citations omitted). Because Petitioner is not currently being detained and he was released from custody, his release cannot be simply revoked at any time and for any reason. Rather, Petitioner has fully served his sentences and was released from prison at the latest as of March 21, 2005.

Accordingly, we find that Petitioner's release from state custody truly constitutes an end to his detention. Petitioner is no longer threatened with any actual injury traceable to the

Respondents and likely to be redressed by a favorable decision by this Court. Thus, there is no longer any case or controversy presented by Petitioner's Habeas Corpus Petition. We therefore conclude that Petitioner's Habeas Corpus Petition should be dismissed as moot. *See Cox v. McCarthy*, 829 F.2d 800, 802-03 (9th Cir.1987) (A petition for habeas corpus becomes moot when a prisoner is released on parole before the court addresses the merits where being paroled leaves no relief possible).

Moreover, in his Habeas Petition, the Petitioner requested as relief that his 1987 conviction be removed from his record since he claimed to be subject to collateral consequences from this conviction. (Doc. 46, p. 7). As discussed, we disagree. We have found that Petitioner will not still suffer from an actual injury from the Respondents now that he has been released from state custody, and that there is no longer a case or controversy presented.

The Petitioner's claims are moot since he is no longer being held in custody and there are no longer any collateral consequences as a result of his 1987 conviction.

In the Third Circuit case of *Chong v. INS*, 264 F. 3d 378 (3d Cir. 2001), the court dealt with the issue as to whether an alien's § 2241 habeas petition was moot when she was no longer in INS custody and deported from the United States. The court found sufficient collateral consequences flowed from the alien's appeal of the BIA's order of removal, since the removal order prevented the alien as an aggravated felon from reentering the United States for ten (10) years. *Id*. at 384-86. Thus, if the BIA's decision were reversed by the court in *Chong*, the Attorney General could exercise his discretion to grant withholding of removal and allow the alien to reenter the United States. *Id*. at 386. In *Chong*, the court also discussed the four (4) exceptions to the mootness

doctrine, which allow judicial review. These exceptions are:

> (1) secondary or "collateral" injuries survive after resolution of the primary injury; (2) the issue is deemed a wrong capable of repetition yet evading review; (3) the defendant voluntarily ceases an allegedly illegal practice but is free to resume it at any time; or (4) it is a properly certified class action suit.

*Id*. at 384. (citation omitted). Thus, if a former inmate can show that he will suffer some collateral consequences if his conviction is not overturned, an exception to the mootness rule applies. The burden is on Petitioner to demonstrate that he will suffer some collateral consequence to prevent his case from being dismissed as moot. *See U.S. v. Kissinger*, 309 F. 3d 179, 181 (3d Cir. 2002).

We find that, based upon *Chong*, Petitioner's Habeas Petition is moot regrading his attack on his 1987 conviction and to the extent that he claims that it was used to enhance another now fully served sentence. Petitioner does not claim that he faces potential re-incarceration as a collateral consequence of his 1987 conviction. Petitioner does not meet his burden to benefit from the narrow exception to the mootness rule. Because the Petitioner's remaining habeas corpus claims (claims 2. & 4., Doc. 24) are now moot, we shall recommend that the Petitioner's Habeas Petition be dismissed in its entirety.[9]

---

[9] Unlike in *Defoy*, any remedy which this Court may grant Petitioner Coss will clearly not affect his release date for the sentence he was serving at the time he filed the instant Habeas Petition.

**III. Recommendation**.

Based on the foregoing, it is respectfully recommended that Petitioner's Petition for Writ of Habeas Corpus and all claims raised therein be dismissed.

                                        **s/ Thomas M. Blewitt**
                                        **THOMAS M. BLEWITT**
                                        **United States Magistrate Judge**

**Dated: May 3, 2005**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EDWARD R. COSS, | : | CIVIL ACTION NO. **1:CV-01-0878** |
| Petitioner | : | (Judge Caldwell) |
| v. | : | (Magistrate Judge Blewitt) |
| JAMES P. MORGAN, et al., | : | |
| Respondents | : | |

## **NOTICE**

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **May 3, 2005.**

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within ten (10) days after being served with a copy thereof.  Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.  The briefing requirements set forth in Local Rule 72.2 shall apply.  A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis

of that record.  The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.


                                              **s/ Thomas M. Blewitt**
                                              **THOMAS M. BLEWITT**
                                              **United States Magistrate Judge**


**Dated: May 3, 2005**