IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| | : | CIVIL ACTION NO. **1:01-CV-00878** |
| EDWARD R. COSS, JR., | : | |
| | : | |
| Petitioner, | : | (Judge Caldwell) |
| | : | |
| | : | (Magistrate Judge Blewitt) |
| v. | : | |
| | : | |
| JAMES P. MORGAN, et al., | : | |
| | : | |
| Respondents | : | |

## <u>MOTION OF RESPONDENTS</u>
### For an Order Pursuant to <u>F.R.C.P. 6(b)</u> Enlarging the Time for
### Filing Objections to *Report and Recommendations*
and Concurrently
### For an Order Pursuant to <u>F.R.C.P. 60(a)</u> Which Would Enable
### Such Action as the Court Deems Appropriate for the Correction  of
### Apparent Omissions or Oversights in the *Report and Recommendations*

Respondents move the Court, pursuant to <u>F.R.C.P. 60 (a)</u> to correct an apparent omission

or oversight in the *Report and Recommendations* filed herein on May 3, 2005, and further, to

enter an interim order, pursuant to <u>F.R.C.P. 6 (b)</u>, enlarging the time within which the parties

may file objections to said *Report and Recommendations*.

Each of these motions will herein be separately addressed.

**Motion pursuant to F.R.C.P. 60 (a)**

In support of their motion pursuant to F.R.C.P. 60 (a), Respondents respectfully state:

1.      On page 4 of the *Report and Recommendations* filed herein on May 3, 2005, there appears the following observation: ". . . in their Supplemental Brief, Respondents argue that once petitioner had completely served is 1987 sentence, he was no longer eligible for postconviction relief under the former PCHA (now PCRA). [Citing (Doc. 39, p.4, n. 1, p. 6).]. Concerning the foregoing argument or contention of Respondents as just quoted, the *Report and Recommendations* adds, at the end of page 4: "We agree with [this] contention[ ]."

2.      The observation concerning *eligibility for PCRA relief*, quoted above from the *Report and Recommendations* referred to only a portion of the argument in the Respondents' Supplemental Brief.  Respondents argued more fully in their brief that the statute of limitations would be directly impacted upon the event of Coss becoming ineligible for PCRA relief because at that point Coss would  no longer have had "...pending ..." any "...properly filed application for State postconviction or other collateral relief ..." as those terms are used in 28 U.S.C. § 2244(d)(2).  (*See, esp.* Doc 39, p.12).

3.      In footnote 6 on page 4 of the *Report and Recommendations* the statement appears: "We shall discuss below Respondents' statute of limitations argument contained in their supplemental Brief. (Doc. 39)."   However, Respondents' statute of limitations argument contained in their supplemental Brief does not appear to have been further discussed or

mentioned, as footnote 6 indicated it would be, in any part of the *Report and Recommendations*.

Nevertheless, Part III, on page 12 of the *Report and Recommendations* concludes with the

statement: "Based on the foregoing, it is respectfully recommended that Petitioner's Petition for

Writ of Habeas Corpus and all claims raised therein be dismissed."


4.      Consequent upon the foregoing, Respondents are unable to determine what

weight, if any, was accorded to Respondents' statute of limitations argument referred to in

footnote 6 on page 4 of the *Report and Recommendations* in arriving at the actual

Recommendation on page 12; a matter of great significance to Respondents' ability to make an

informed decision of whether or not to file objections to the *Report and Recommendations*.


WHEREFORE, based upon the foregoing, and for the reasons more fully amplified upon

in Respondents' accompanying memorandum brief, the Court is requested to correct the *Report

and Recommendations* in the particulars stated.

**Motion pursuant to <u>F.R.C.P. 6 (b)</u>**

In support of their motion pursuant to <u>F.R.C.P. 6 (b)</u>, Respondents respectfully state:

5.    In the preceding four paragraphs hereof, Respondents have endeavored to demonstrate that under the provisions of <u>F.R.C.P. 60 (a)</u>, some correction or amendment to the *Report and Recommendations* is warranted in order to enable Respondents to make an informed decision on the question of whether or not to file objections to the *Report and Recommendations. .*

6.    The provisions of <u>28 U.S.C. § 636 (b)(1)</u> (after detailing the manner in which the powers of a magistrate might result in proposed findings and recommendations) require: "Within ten days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court."  Congruently, <u>F.R.C.P. 72</u> and <u>LR 72</u> each adhere to the ten day requirement for the filing of objections.

7.    Although it is possible that Respondents' *Rule 60(a)* motion could be ruled upon within ten days, the likelihood of this occurring appears remote.  Moreover, and because the *Report and Recommendations Report and Recommendations* were entered on May 3, 2005, the final day for the filing of timely objections would be May 11, 2005.  Consequently, Respondents concurrently request that the time for filing possible objections be correspondingly adjusted.

WHEREFORE, based upon the foregoing, and for the reasons more fully amplified upon in Respondents' accompanying memorandum brief, the Court is requested to extend the time for filing possible objections to the *Report and Recommendations* until a reasonable time after Respondent's concurrent *Rule 60(a)* motion has been ruled upon and, if such ruling results in revision to the *Report and Recommendations*, until a reasonable time after such revision has been entered.

Respectfully submitted, May 9, 2005.

  s/ *William P. O'Malley*
William P. O'Malley ,Atty. I.D. # 58520
Assistant District Attorney
Lackawanna County Courthouse
200 N. Washington Avenue
Scranton, PA  18503
(717) 963-6717

5

CERTIFICATE OF SERVICE

I hereby certify that on May 9, 2005, I served a copy of the foregoing:

*MOTION OF RESPONDENTS*, upon Petitioner,

    Mr. Edward R. Coss

by prepaid first class U.S. Mail,

                                      s/ *William P. O'Malley*
                                   William P. O'Malley
                                   Assistant District Attorney