IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| EDWARD R. COSS, JR., | : | CIVIL ACTION NO. **1:01-CV-00878** |
|  | : |  |
| Petitioner, | : | (Judge Caldwell) |
|  | : |  |
|  | : | (Magistrate Judge Blewitt) |
| v. | : |  |
|  | : |  |
| JAMES P. MORGAN, et al., | : |  |
|  | : |  |
| Respondents | : |  |

## MEMORANDUM OF LAW

In Support of Respondents' Concurrent Motions *For an Order Pursuant to* <u>*F.R.C.P. 6(b)*</u> *Enlarging the Time for Filing Objections to Report and Recommendations* and, concurrently, *For an Order Pursuant to* <u>*F.R.C.P. 60(a)*</u> *Which Would Enable Such Action as the Court Deems Appropriate for the Correction of Apparent Omissions or Oversights in the Report and Recommendations.*

Respondents have filed, contemporaneously herewith, concurrent motions *For an Order Pursuant to* <u>*F.R.C.P. 6(b)*</u> *Enlarging the Time for Filing Objections to Report and Recommendations* and, concurrently, *For an Order Pursuant to* <u>*F.R.C.P. 60(a)*</u> *Which Would Enable Such Action as the Court Deems Appropriate for the Correction of Apparent Omissions or Oversights in the Report and Recommendations.*

This Memorandum of Law is filed in support of said Motions.

## PROCEDURAL BACKGROUND

Because the procedural background of these proceedings is effectively set forth in the *Report and Recommendations* filed on May 3, 2005, this procedural statement will pick up from May 3, 2005 and move forward from the *Report and Recommendations*.

The *Report and Recommendations* makes detailed reference to, and undertakes detailed analysis of several cogent grounds upon which dismissal of the Petition for Writ of Habeas Corpus could be legitimized. However, the *Report and Recommendations* makes but passing reference to the statute of limitations, a ground, if legally cognizable, upon which dismissal of the Petition for Writ of Habeas Corpus would, to a greater degree, be mandated.

The *Report and Recommendations*, in its concluding sentence, states: "Based on the foregoing, it is respectfully recommended that Petitioner's Petition for Writ of Habeas Corpus and all claims raised therein be dismissed" Because it cannot be determined whether ". . . the foregoing . . ." referred to in the quoted sentence does or does not include the statute of limitations as a ground for dismissal, Respondents sought to obtain a clarification of his point by filing a motion for a clarifying order, Pursuant to F.R.C.P. 60 (a) and an alternative motion

for an extension of time, pursuant to F.R.C.P. 6 (b), to which alternative motions this brief is addressed.

## LEGAL ARGUMENT

**I.  The Court Has the Power to Rule upon Respondents Motion for a Clarifying Order, Pursuant to F.R.C.P. 60 (a).**

LR 72.1  provides, in pertinent part that ". . . a magistrate judge may determine any preliminary matter. . . ."

Most assuredly, clarification of whether an evident possible error or omission exists in a Report and Recommendation issued by a particular Magistrate Judge does appear to constitute a "preliminary matter" which the Magistrate Judge is empowered to determine.

F.R.C.P. 60 (a) provides, in pertinent part: "Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time . . ."

Because the need for correction, as presently urged, involves a possible error or omission appearing in a Report and Recommendation issued by a Magistrate Judge, this too would appear to constitute a "preliminary matter" which the

Magistrate Judge, as 'the court' under the quoted portion of Rule 60(a), is empowered to determine.

There is additional good reason why the need for clarification should be fulfilled by the Magistrate Judge. In Elmendorf Grafica, Inc. v. D.S. America (East), Inc., 48 F.3d 46 (1st Cir. Puerto Rico 1995) it was persuasively observed:

> "In order to comply with de novo review requirement of order designating magistrate to file proposed findings and recommendations, district court is not required to make findings and recommendations of its own, rather than adopting those of magistrate judge; district court may adopt in whole as well as in part proposed findings and recommendations."

If the district court, in the de novo review required at this juncture of this case, determines that the statute of limitations mandates dismissal of the habeas corpus petition, the district court should be entitled to have the benefit of the magistrate judge's reasoning on that issue. Otherwise, contrary to that stated in Elmendorf Grafica, supra, the district court would become obliged to make findings and recommendations of its own rather than being enabled to adopt (or to distinguish, as the case might be) the pertinent findings and recommendations of magistrate judge.

For the foregoing reasons, the Magistrate Judge, pursuant to the provisions of *Rule 60 (a)*, should amplify the *Report and Recommendations* on the issue of the statute of limitations.

**I.   The Court Has the Power to Rule upon Respondents Motion for an extension of time, Pursuant to F.R.C.P. 6 (b).**

LR 72.1  provides, in pertinent part that ". . . a magistrate judge may determine any preliminary matter. . . ."

Most assuredly, allowance of a request for an extension of the ten-day period for the parties to file objections to the Report and Recommendation of the Magistrate Judge appears to constitute a "preliminary matter" which the Magistrate Judge is empowered to act upon.  This would seem particularly true where the suggested need for he requested extension arose through no fault of either of the parties.

F.R.C.P. 6 (b) clearly allows for time extensions upon request of a party, particularly where, as is the case here the request, having reasonable basis, is made 'before the expiration of the period originally prescribed.'

For the foregoing reasons, the Magistrate Judge, pursuant to the provisions of *Rule 6 (b)*, should extend the time within which objections to the Report and Recommendation need to be filed until ten days after Respondents' concurrent *Rule 60 (a)* motion has been ruled upon and, if such ruling results in any revision to the Report and Recommendation, until ten days after such  revision has been filed.

## **CONCLUSION**

For the reasons and upon the terms set forth herein, Respondents' Motions *For an Order Pursuant to F.R.C.P. 6(b) Enlarging the Time for Filing Objections to Report and Recommendations* and, concurrently, *For an Order Pursuant to F.R.C.P. 60(a) Which Would Enable Such Action as the Court Deems Appropriate for the Correction of Apparent Omissions or Oversights in the Report and Recommendations* should be granted.

Respectfully submitted, May 9, 2005.

   s/ *William P. O'Malley*
William P. O'Malley, Atty. I.D. # 58520
Assistant District Attorney
Lackawanna County Courthouse
200 N. Washington Avenue
Scranton, PA 18503
(717) 963-6717

## CERTIFICATE OF SERVICE

    I hereby certify that on May 9, 2005, I served a copy of the foregoing: *MEMORANDUM OF LAW*, upon Petitioner,

    Mr. Edward R. Coss
    118 South Church Street
    Carbondale, PA 18407

by prepaid first class U.S. Mail,

                                                s/ *William P. O'Malley*
                                                William P. O'Malley
                                                Assistant District Attorney