IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

EDWARD R. COSS, JR.,            :
       Petitioner

                           :

       vs.                     :   CIVIL ACTION NO. 1:CV-01-0878

                           :

JAMES P. MORGAN, et al.,
       Respondents           :


O R D E R

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

     The Magistrate Judge filed his report and recommendation in this case on May 3, 2005, recommending that Petitioner's petition and all claims raised therein be dismissed.

     Even though they prevailed before the Magistrate Judge, on May 9, 2005, the Respondents filed a motion requesting two forms of relief.  The first request, pursuant to Fed. R. Civ. P. 60(a), seeks clarification of the report.  The second is pursuant to Fed. R. Civ. P. 6(b) and seeks an extension of time to file objections until the request for clarification is resolved.

     The Magistrate Judge's report states that, "Based on the foregoing, it is respectfully recommended that ... all claims raised ... be dismissed."  The Respondents contend they cannot determine what the word "foregoing" includes, and whether the

Magistrate Judge's recommendation includes as a grounds for dismissal the statute of limitations defense raised by them. Although an early footnote in the lengthy report indicated the defense would be discussed the Magistrate Judge, having determined the petition was moot, was not obligated to consider it.[1]

The problem with Respondents position in this case is that a motion seeking clarification of a magistrate judge's report is not a recognized procedure.  Rule 60(a) provides the means to correct <u>clerical</u> mistakes in <u>judgments</u>, <u>orders</u>, or other parts of the records, etc.  A magistrate judge's report is just that.  It is not a judgment or order.  This is consistent with the law providing for the assignment of cases of a magistrate judge (28 U.S.C. 636(b)(1)(A)) which directs the magistrate judge, "to submit to a judge of the court proposed findings of fact and <u>recommendations</u> (emphasis added) for the disposition, by a judge of the court, of any motion ...."

Respondents are not seeking to correct a clerical mistake by the court, which is the subject of Rule 60(a).  Rather, they are not satisfied with the explanation given by the Magistrate Judge for his recommendation to dismiss the petition.

---

[1]It is quite clear that the sole basis for the Magistrate Judge's recommendation was the fact that the Petitioner is no longer in custody or serving any sentence.

Aside from the fact that Rule 60(a) does not apply to this situation, their dissatisfaction with the content of the report provides no basis for disturbing the Magistrate Judge's report and recommendation to dismiss the petition.

It is Ordered as follows:

1) Respondents' motion to extend time under Fed. R. Civ. P. 6(b) and for relief under Fed. R. Civ. P. 60(a) is denied.

2) Upon consideration of the report of the Magistrate Judge, to which no objections have been filed, the same is approved.

3) Pursuant to the recommendation of the Magistrate Judge the Petitioner's motion for a writ of habeas corpus is denied.

4) The Clerk of Court shall close this file.

/s/William W. Caldwell
William W. Caldwell
United States District Judge

Date:   May 23, 2005

3